178 So.2d 875 (1965)
Edmond WYCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 5220.
District Court of Appeal of Florida. Second District.
September 16, 1965.
Rehearing Denied October 20, 1965.
*876 Thomas W. Perkins, of Edmund & Perkins, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Chief Judge.
Appellant appeals a judgment and sentence entered pursuant to a jury verdict finding him guilty of (1) aiding and assisting in conducting a lottery, and (2) possessing lottery tickets. The jury simultaneously found him to be a second offender.
A search warrant was issued based upon the affidavit of a confidential informer that a certain building, described as a Super Test service station, was being used for the conducting of a lottery. A search was made, which resulted in the obtaining by peace officers of various items of lottery equipment. Included within the description of the building were certain living quarters of the appellant, though not specifically identified as such.
We have studied the evidence in this case, as well as the law on search warrants, including Section 933.18, Florida Statutes, F.S.A., as to when a warrant may be issued for search of a private dwelling, and do not find that any error was committed by the lower court in denying the motion of the defendant to quash the search warrant and suppress the evidence that was adduced below.
Appellant's second point is that the information under which he was convicted was defective in that it improperly alleged him to be a second offender.
The challenged information alleged that appellant had previously been adjudicated guilty of the unlawful sale of lottery tickets. This conviction was based on Section 849.09(1) (g), Florida Statutes, F.S.A. The charges in the instant case were based on Section 849.09(1) (d) (i.e., aiding in conducting) and (1) (h) (i.e., possessing). Appellant asserts that under the provisions of Section 849.09(3) and (4), the second offender charge was improper, because his alleged subsequent offenses were not violations of the same provision of the lottery statute as his prior conviction. Further, he argues that the provisions of Section 849.13, Florida Statutes, F.S.A., are inapplicable because the prior and subsequent offenses are not "like offenses" as required by the statute.
We agree with the contention of the appellant that the enhanced punishment provisions found in subsections (3) and (4) of Section 849.09 relate only to second violations of the paragraphs specified in the subsections. We do not, however, agree with the contention that the second offender provisions of Section 849.13 are inapplicable.
*877 We stated in the companion case to the instant case, Andrews v. State, 179 So.2d 575, opinion this date filed (September 16, 1965) the following:
"* * * we hold that `like offense' under Section 849.13 means any subsequent violation of the statute denouncing lotteries. Thus, it was immaterial which particular portion of Section 849.09 was alleged as having been previously violated by appellant, since a second conviction of any of the offenses listed thereunder would authorize the application of the provisions of Section 849.13."
Thus, appellant was convicted under a valid information.
We turn now to the sentences imposed against appellant. Although no error was assigned in regard to the legality of appellant's sentences  nor was the matter argued  an appellate court will always consider a fundamental error that is apparent on the face of the record. Rule 3.7, subd. i, Fla.App.Rules, 31 F.S.A. See e.g., Holloman v. State, 1939, 140 Fla. 59, 191 So. 36.
The trial court sentenced appellant to a two year sentence on count one and a two year sentence on count two, the latter to run concurrently with the former. Apparently, each sentence was for one year with an additional year tacked on for the second offender "conviction."
Thus, separate sentences were imposed on each count. It is, however, the established rule in Florida that when an information contains more than one count, but each is a facet or phase of the same transaction, there can be only one sentence imposed; and that sentence should be imposed on the highest offense charged. Williams v. State, Fla. 1953, 69 So.2d 766; Wells v. State, Fla.App. 1964, 168 So.2d 787; Sharon v. State, Fla.App. 1963, 156 So.2d 677; Tribue v. State, Fla.App. 1958, 106 So.2d 630.
The counts in appellant's information do charge facets of only a single transaction. Since it was, however, provided that the sentences should run concurrently, it will not be any advantage to the appellant to be resentenced; but, to be technically correct, we are remanding for proper sentencing in accordance with this opinion.
It will be noted that the conviction on count two was for a misdemeanor. The affirmance in this cause should not be construed as deciding the merits of this conviction as appellate jurisdiction on such matter lies in the Circuit Court of Polk County, pursuant to Sections 5 and 6, Article V, Constitution of Florida, F.S.A., and Section 924.08, Florida Statutes, F.S.A.
Accordingly, the cause is affirmed in part and remanded with instructions to the trial court to impose a proper sentence in accordance with this opinion.
SMITH, J., and WARREN, LAMAR, Associate Judge, concur.