ALLEN, Chief Judge.
Appellant was tried upon an information-charging a primary offense of aiding and-assisting in the operation and promotion of a lottery, and alleging a prior conviction of illegal possession of a lottery implement or device. A jury found him guilty of the primary offense, and then found that he had been previously convicted as alleged.
The appellant’s point on appeal is that the trial court committed error in denying his motion to quash the information. The essence of his argument is that he was tried *576 and convicted on a defective information in that it “charged” him with being a second offender although there was no statutory authority for such a “charge.”
The primary offense charged in the challenged information was based on Section 849.09(1) (d), Florida Statutes, F.S.A. The second offender provisions of Section 849.09 are found in subsections (3) and (4). A reading of these second offender provisions reveals that they apply only to the last six paragraphs of Section 849.-09(1), i. e., (e), (f), (g), (h), (i) and (j) and not to the first four, i. e., (a), (b), (c), and (d). Therefore, since Section 849.09 does not provide authority for a second offender “charge” for a violation of (1) (d), appellant contends that the authority must be provided, if at all, by Section 849.13, Florida Statutes, F.S.A., which reads:
“Punishment on second conviction.— Whoever, after being convicted of an offense forbidden by law in connection with lotteries, commits the like offense, shall, in addition to the fine before provided therefor, be punished by imprisonment not exceeding one year.”
It is appellant’s position that this statute also does not provide authority for the second offender allegation, because “aiding in the promotion of a lottery” and “possessing a lottery device” are not “like offenses” within the meaning of the statute.
The parties assume, by their arguments, that an application of Section 849.13 calls for an exercise in comparing the prior and subsequent offenses to see whether in substance they are sufficiently alike to justify higher punishment. Although we are of the opinion that even in this sense, appellant’s convictions are “like,” our construction of the statute does not give such a limiting effect to its wording.
The existence of Section 849.13 on the books gives Florida two second offender statutes relating to violations of our lottery laws. The other, Section 849.09(3), (4), as noted earlier, has a limited application. There is an obvious overlap of the two ;■ yet, since the 1951 amendment to Section 849.-09, which inserted subsections (3) and (4), Section 849.13 has been continuously retained. This continuous retention, along with the restricted application of Section 849.09(3) and (4), leads us to the conclusion that the purpose of Section 849.13 is that it should serve as a “catch-all.” That is to say, its purpose is to provide second offender punishment for the second conviction of any offense forbidden by law in connection with lotteries.
 Giving effect to this purpose, we hold that “like offense” under Section 849.13 means any subsequent violation of the statute denouncing lotteries. Thus, it was immaterial which particular portion of Section 849.09 was alleged as having been previously violated by appellant, since a second conviction of any of the offenses listed thereunder would authorize the application of the provisions of Section 849.13.
Affirmed.
SHANNON, J., and BARKER, ROGER, Associate Judge, concur.