243 So.2d 469 (1971)
Robert Richard YOST, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-400.
District Court of Appeal of Florida, Third District.
January 26, 1971.
*470 Sheldon Yavitz, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Alan M. Medof, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Defendant appeals the convictions and sentences entered pursuant to jury verdicts of guilty on narcotics violations. He was found guilty of two counts of unlawful sale of marijuana and two counts of unlawful possession of marijuana. See § 398.03, Fla. Stat., F.S.A. Earlier, the trial judge directed a verdict of acquittal as to a fifth count of conspiracy to sell marijuana. See § 833.04, Fla. Stat., F.S.A. Four sentences were entered, as follows: two years on each of the two "sale" counts and one year on each of the two "possession" counts, all to run concurrently.
The defendant alleges error in the court's refusing to give a requested jury instruction on identification, permitting certain rebuttal testimony, and refusing to correct the sentences. We find no merit in the first two contentions, and affirm the convictions; however, we vacate the sentences and remand for proper sentencing.
On August 25, 1969, a "John Doe Information" was filed, and on the same date the defendant was arrested. The State filed the amended information which was the basis for the instant trial. The amended information charged violations in five counts; Count I, unlawful sale of a narcotic drug, to-wit: marijuana, on August 9, 1969; Count II, unlawful sale of a narcotic drug, to-wit: marijuana, on August 12, 1969; Count III, unlawful possession of a narcotic drug, to-wit: marijuana, on August 9, 1969; and Count IV, unlawful possession of a narcotic drug, to-wit: marijuana, on August 12, 1969; and Count V, conspiracy to sell narcotics, to-wit: marijuana, on August 9, 1969, in violation of § 833.04, Fla. Stat., F.S.A.
The prosecution was the result of the sale of marijuana to two undercover policemen on the evening of August 9 and 12, 1969, by the defendant and two others.
The defendant put into issue the question of identification. He challenged the in-court identification of the defendant by the two undercover agents. He also presented the alibi defense that he was in New York at the time of the crimes. The defendant asserts on appeal that it was reversible error for the trial court to refuse to grant his special jury instruction that the jurors must believe that the defendant had been identified as the person who sold the marijuana beyond a reasonable doubt, and the defendant relies upon Salley v. *471 United States, 122 U.S.App.D.C. 359, 353 F.2d 897 (1965).
We assume, without specifically deciding, that this error is properly before us. We find, however, that his point has no merit because of the clearly correct, comprehensive, and detailed jury instruction actually given by the trial court. It is well settled that a judgment will not be reversed for failure to give a particular charge where, on the whole, the charges as given are clear, comprehensive, and correct. Darty v. State, Fla.App. 1964, 161 So.2d 864, 872.
The defendant argues as his second point that the court erred in admitting rebuttal testimony by a police officer where the state failed to disclose a list of witnesses to be offered at trial in rebuttal to discredit the defendant's alibi, contrary to Rule 1.200 CrPR, 33 F.S.A.
The police officer testified to inculpatory oral statements made by the defendant on August 25, 1969, when the defendant was arrested. The statements were not reduced to writing. The state offered such testimony to refute an answer given by the defendant on cross-examination to impeach defendant's credibility. Such statements, according to the officer, were made voluntarily by the defendant after the defendant had been advised of his constitutional rights.
We have considered the entire record, and have concluded that this point was not presented to the trial court. We have further concluded that the point is not properly before us on appeal. See Bertone v. State, Fla.App. 1969, 224 So.2d 400.
During the course of his argument on defendant's second point, the defendant also asserts a violation by the State of Rule 1.140(n) CrPR, 33 F.S.A., for failure, upon request, to disclose in the bill of particulars a summary of any oral statements made by the defendant which may not have been reduced to writing.
We have considered the record, briefs, and argument, and conclude that the defendant has failed to demonstrate reversible error as to both alleged violations of the Florida Rules of Criminal Procedure discussed in his second point.
We now consider the defendant's third point, that the trial court erred in denying defendant's motion to correct sentences. In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged. See Williams v. State, Fla. 1953, 69 So.2d 766, 767; Wells v. State, Fla.App. 1964, 168 So.2d 787; and Wyche v. State, Fla.App. 1965, 178 So.2d 875, 877 (fundamental error). In the case below, the defendant was charged as follows: Count I with unlawful sale of marijuana on August 9, 1969 and in Count III with unlawful possession of marijuana on August 9, 1969; and in Count II with unlawful sale of marijuana on August 12, 1969, and in Count IV with unlawful possession of marijuana on August 12, 1969. In each instance, the marijuana alleged possessed on the specified date was the marijuana sold to the undercover agents on the same date. In short, Counts I and III and Counts II and IV, respectively, represent a facet or phase of a single transaction and justify but one sentence as to each of the two combined counts.
For the reasons stated, the convictions are affirmed, but the sentences are vacated, and this cause is remanded with directions that the appellant-defendant be presented to the trial court and properly sentenced in accord herewith.
Affirmed in part; reversed in part with directions.