PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of the unlawful possession and sale of a narcotic drug.
By one of his two points on appeal, appellant contends that the trial court erred when it imposed separate sentences as to each of the two counts of the information of which he was found guilty by the jury.
The information filed against appellant charged him in count one with the unlawful possession of marijuana and in count two with the unlawful sale of the same drug. Each of the offenses was alleged to have been committed on the same day. The evidence adduced at the trial established that the marijuana which appellant was charged with unlawfully possessing was the same drug of which he was charged with making an unlawful sale.
In the case of Yost v. State[1] a similar factual situation was found to exist as in the case sub judice. Yost was charged in separate counts of an information with both the unlawful possession and sale of marijuana. Upon his conviction the trial court sentenced him to imprisonment for a term of years on each of the separate counts of which he was found guilty. In setting aside the sentences and remanding the case for appropriate resentencing by the trial court, the Third District Court of Appeal said:
“We now consider the defendant’s third point, that the trial court erred in denying defendant’s motion to correct sentences. In Florida, where an information contains more than one count, but each is a facet or phase of the same transaction, only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charged. See Williams v. State, Fla. *515 1953, 69 So.2d 766, 767; Wells v. State, Fla.App.1964, 168 So.2d 787; and Wyche v. State, Fla.App.1965, 178 So.2d 875, 877 (fundamental error). * * *”
The unlawful possession and sale of marijuana for which appellant was convicted in the case sub judice are but separate facets or phases of the same transaction, for the conviction of which only one sentence may be imposed.
We have considered appellant’s remaining point on appeal but find it to be without substantial merit. The judgment of conviction and sentence on count two of the information charging appellant with the unlawful sale of marijuana is affirmed, but the sentence imposed on count one charging the unlawful possession of marijuana is reversed and set aside.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and RAWLS, JJ., concur.

. Yost v. State (Fla.App.1971) 243 So.2d 469, 471.