SPECTOR, Chief Judge.
Appellant seeks reversal of his conviction of breaking and entering with intent
to commit a felony and possession of burglary tools and his sentence of fifteen years on the first count and five years on the second. Appellant contends, inter alia, that the court erred in imposing concurrent sentences for the two offenses since each count involved but a facet or phase of the same transaction. In support of his contention, appellant cites Yost v. State, 243 So.2d 469 (Fla.App.1971), in which the defendant was convicted and sentenced on two separate counts of possession and sale of marijuana. The court in Yost held that where an information contains more than one count but each is a facet of the same transaction, only one sentence may be imposed. The principle enunciated in Yost was adopted by this court in Walker v. State, 261 So.2d 514 (Fla.App.1972). Subsequent to Yost and Walker, the Supreme Court recently decided Cone and Sanders v. State, Case No. 42,760 (Opinion filed March 7, 1973). In Cone and Sanders, the court held that armed robbery and displaying or using a firearm during the commission of a felony were a facet of the same transaction and, therefore, sentence could only be imposed on the higher offense. Cone and Sanders and Yost are distinguishable from the case at bar. As to Yost, it is a logical consequence of being guilty of sale to be also guilty of possession, for one cannot sell something without first possessing it. They are facets of the same transaction. Likewise in Cone and Sanders, one cannot be found guilty of using a firearm during the commission of a felony unless one is in fact committing a felony. The two crimes are an indivisible transaction punishable under two statutes. However, in the case at bar, possession of burglary tools and breaking and entering with intent to commit a felony, although related crimes, are not facets of the same transaction. One may be guilty of possessing burglary tools and not be guilty of breaking and entering.
The Florida Supreme Court, in rejecting a contention that larceny and receiving or *513 aiding in concealment of stolen property were facets of the same transaction, said:
. . Both counts of the information are complete and perfect within themselves; each of them, independently of the other, completely and fully charging its own respective crime. . . .” Washington v. State, 51 Fla. 137, 40 So. 765.
The Second District Court of Appeal in Footman v. State, 203 So.2d 356 (1967), also rejected a claim that breaking and entering with intent to commit a felony and grand larceny were not distinct crimes. The court in Footman stated that the two counts represent two separate and distinct crimes for which two sentences may be imposed.
Therefore, we hold the principle enunciated in Yost, supra, Walker, supra, and Cone and Sanders, supra, is not applicable to the case at bar.
Appellant also contends that the judgment should be reversed for lack of sufficient evidence. We find this contention without merit.
Accordingly, the judgment and sentence appealed herein are affirmed.
WIGGINTON, J., concurs.
JOHNSON, J., concurs in part, dissents in part.