WHITWORTH, LEWIS B., Associate Judge.
Appellant herein was tried in the Felony Court of Record of Volusia County on two separate informations, the first of which charged him with the unlawful sale of marijuana and the second with the unlawful possession of marijuana and conspiracy. From the judgments of conviction and sentence in each case based upon jury verdicts finding appellant guilty as charged, this appeal is taken.
At the request of appellant’s counsel, this court granted additional time for supplementing the record by such additional affidavits, pleadings, and other evidence as may relate to the alleged failure of the trial judge to disqualify himself in response to a motion filed by appellant. Because of the failure of appellant to file a supplemental record as permitted by the court, the point on appeal relating to the disqualification of the trial judge is rejected.
Appellant’s second and last point on appeal challenges the correctness of the trial court’s order denying his motion to suppress the evidence proffered against him on the ground that the informant on whose information the search warrant issued was not sufficiently known to the af-fiant to support the allegation of probable cause. Our review of the record convinces us that the evidence adduced before the court at its hearing on the motion to suppress was sufficiently substantial and competent to support the ruling complained about.
Our review of the record reveals without dispute that there was a single transaction out of which both charges against appellant arose. His sale of the marijuana for which he was charged in one information and his possession of the same drug for which he was charged in the second information are but different aspects of the same transaction. Under the circumstances, only one sentence on the higher offense may be imposed. On the authority of Yost v. State (Fla.App.1971) 243 So.2d 469, the sentence imposed upon appellant for the sale of marijuana as charged in Case No. 2135 in the trial court is affirmed, and the sentence imposed on the conviction for possession of marijuana in Case No. 1952 in the trial court is reversed, set aside, and held for naught.
Affirmed in part, reversed in part.
WIGGINTON, Acting C. J., and RAWLS, J., concur.