286 So.2d 549 (1973)
Willie Clyde FOSTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 43931.
Supreme Court of Florida.
December 5, 1973.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 276 So.2d 512. Our jurisdiction is based on conflict between the decision sought to be reviewed and Yost v. State[1] and Cone and Sanders v. State.[2]
The facts of the case are as follows:
Petitioner, defendant below, was charged, by information, with breaking and entering with intent to commit a felony, and with possession of burglary tools. Following a hearing on petitioner's motion to suppress the evidence, the trial court granted the motion as it related to certain wire cutters, but denied it as to a certain screwdriver. At the conclusion of the trial, the *550 jury returned a verdict, finding petitioner guilty of both counts as charged, and subsequently, petitioner was adjudged guilty and sentenced to fifteen years imprisonment on the first count, and five years imprisonment on the second count, the sentences to run concurrently.
In its opinion, the District Court of Appeal, First District, held as follows:
"Appellant contends, inter alia, that the court erred in imposing concurrent sentences for the two offenses since each count involved but a facet or phase of the same transaction. In support of his contention, appellant cites Yost v. State, 243 So.2d 469 (Fla.App. 1971), in which the defendant was convicted and sentenced on two separate counts of possession and sale of marijuana. The court in Yost held that where an information contains more than one count but each is a facet of the same transaction, only one sentence may be imposed. The principle enunciated in Yost was adopted by this court in Walker v. State, 261 So.2d 514 (Fla.App. 1972). Subsequent to Yost and Walker, the Supreme Court recently decided Cone and Sanders v. State, 285 So.2d 12 (Opinion filed March 7, 1973). In Cone and Sanders, the court held that armed robbery and displaying or using a firearm during the commission of a felony were a facet of the same transaction and, therefore, sentence could only be imposed on the higher offense. Cone and Sanders and Yost are distinguishable from the case at bar."[3]
The First District then proceeded to "distinguish" these two prior cases from the instant case. It would appear, however, that distinctions made by the court are highly questionable, at best. The First District noted:
"As to Yost, it is a logical consequence of being guilty of sale to be also guilty of possession, for one cannot sell something without first possessing it. They are facets of the same transaction. Likewise in Cone and Sanders, one cannot be found guilty of using a firearm during the commission of a felony unless one is in fact committing a felony. The two crimes are an indivisible transaction punishable under two statutes. However, in the case at bar, possession of burglary tools and breaking and entering with intent to commit a felony, although related crimes, are not facets of the same transaction. One may be guilty of possessing burglary tools and not be guilty of breaking and entering."[4]
What the court has done in this case, however, is to look at the Yost case and the Cone and Sanders case in one perspective, and to look at the instant case in an entirely different perspective.
Reversing the perspective of the three cases, and looking first at Yost, it certainly can be said that one can be convicted of possession of marijuana without being convicted of the sale of marijuana. Applying the same reverse perspective to Cone and Sanders, it certainly can be said that one can be convicted of displaying or using a firearm during the commission of a felony without being convicted of armed robbery. Finally, reversing our perspective, and looking at the instant case [and noting the facts of the instant case, i.e., that the "burglary tool" which petitioner was convicted of possessing was, in fact, a simple screwdriver], it can hardly be said that the petitioner could have been convicted of possession of burglary tools, in this case only a screwdriver, had he not been participating in a breaking and entering. Dissenting Judge Johnson in the instant case made just such an observation:
"In this case, in moments after the appellant, defendant below, was seen entering or allegedly entering the rooms, and while waiting for the police to arrive, the screwdriver *551 apparently fell from appellant's clothes. The testimony to bolster the State's case of breaking and entering was to the effect that this particular screwdriver, with blue paint from the room doors still on it, was the one being used by the appellant in trying to break open the room doors. The very testimony of the State's witnesses conclusively proves that the use of the same screwdriver was tied into the same criminal episode and therefore the same was a facet of the single transaction and falls directly within the holding of the Supreme Court of Florida in the case of Cone and Sanders v. State of Florida... . In the case, sub judice, the screwdriver was being used in the breaking and entering. Without the screwdriver, based on the evidence, there could or would not have been any breaking or entering under the facts of this case. Therefore, while I think the evidence was sufficient to support the guilty verdict, it was error for the trial court to adjudge the defendant guilty of two offenses and to enter two sentences thereon. Since each of the offenses constitutes a facet of single transaction, and since the breaking and entering is the more serious or higher offense, the sentence imposed for possession of the burglary tool, to wit: the screwdriver, should be vacated and set aside."[5]
Thus, just as in the Yost case and in the Cone and Sanders case, we are faced with two facets of the same transaction. For, while it is true that one can be convicted of breaking and entering without being convicted of possession of burglary tools, one cannot be convicted of possession of burglary tools, when those tools are nothing more than a simple screwdriver, without the use of such a tool in a burglary, breaking and entering, et cetera. To rule otherwise, would be to hold that the state has the police power to criminalize possession of a simple household tool, i.e., a screwdriver. It does not. It would be an unconstitutional act  in excess of the State's police power  to criminalize the simple possession of a screwdriver, just as much as it would be to criminalize the possession of such items as ladies' hat pins, automobile tire iron kits, et cetera, without first requiring that they first be used as burglary tools. An examination of the burglary tools statute[6] reveals the potential for any number of common household tools to be "illegal" unless the statute is construed, in an appropriate case, such as this, to require that for such a tool to be "illegal", it must be used as a burglary tool  thus becoming a facet of the burglary, breaking and entering transaction, etc.
We hold, therefore, that in light of the facts and circumstances of the instant case, the trial court erred imposing sentence of fifteen years on petitioner's conviction of breaking and entering with intent to commit a felony, and imposing an additional concurrent sentence of five years on petitioner's conviction of possession of burglary tools. In a case such as this, only one sentence may be imposed, and that sentence, *552 obviously, cannot exceed that which could be imposed solely upon conviction for the highest offense contained within the transaction. We therefore must reverse the First District on this point.
Petitioner has raised an additional point, to-wit: that the evidence presented by the state as to both counts of the information was insufficient, either to go before a jury, or to support a verdict of guilt. The First District found this contention to be "without merit". Briefly, we agree, and affirm the First District on this point.
Accordingly, the decision of the District Court of Appeal, First District, is quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
CARLTON, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] 243 So.2d 469 (Fla.App.3d 1971).
[2] 285 So.2d 12 (Fla. 1973).
[3] 276 So.2d at 512.
[4] Id.
[5] Id. at 513.
[6] 810.06, Florida Statutes, F.S.A., provides: "Whoever makes or mends, or begins to make or mend, or knowingly has in his possession any engine, machine, tool or implement adapted and designed for cutting through, forcing or breaking open any building, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ or allow the same to be used or employed for such purpose, shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five thousand dollars." (Emphasis supplied).
For an examination of how that which is normally thought to be "legal" can suddenly become "illegal" when measured against an overbroad or improperly construed state statute, and for an examination of the constitutional problems which result therefrom, see, e.g., Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960).