MANN, Chief Judge.
We have before us an appeal from a judgment entered on a guilty plea to two counts, one charging possession of marijuana in a quantity constituting a felony and the other charging possession of narcotics paraphernalia. Harwood negotiated a plea of guilty to both charges with the understanding that he would not be sentenced to more than five years. We affirm on the record before us because there is no showing that the plea was not intelligently and voluntarily entered. There is however a matter of concern which Har-wood is at liberty to raise by petition filed under CrPR. 3.850, 33 F.S.A., if his plea was based on erroneous information. The trial judge stated, during a patiently conducted colloquy, that “there could be a maximum of ten years on this charge.” If these charges were independent and cumulatively punishable, this would be a correct statement of the possible maximum sentence to which Harwood was subjected. On the other hand, it is possible that these charges are such intertwined aspects of the same transaction that they are punishable by only one sentence for the graver of *570 fense. It is possible, therefore, that the maximum penalty Harwood faced was five years rather than ten and that consequently a bargained plea for five years may have been entered without an understanding of this aspect of the law. We have most recently discussed the matter in Edmond v. State, Fla.App.2d 1973, 280 So.2d 449. See also, Foster v. State, Fla.1973, 286 So.2d 549, opinion filed December 5, 1973. For the reasons stated in the concurring opinion in Jackson v. State, Fla.App.2d 1973, 283 So.2d 390, we affirm without prejudice to the appellant’s right to file a petition under CrPR. 3.850 if he alleges that his guilty plea was not a knowing and voluntary one.
Affirmed.
McNULTY and BOARDMAN, JJ., concur.