SCHEB, Judge.
The appellant, through his Public Defender, filed an “Anders Brief” (see Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493) concluding there are no meritorious grounds of appeal. We have carefully reviewed the records of the trial court and we agree the judgment of the trial court should be affirmed, however, some minor sentencing irregularities must be corrected.[1]
Appellant was charged by four separate informations with violations on December 13, 1973, of the Comprehensive Drug Abuse and Health Act, Fla.Stat. § 893.13. *203 Originally he pled not guilty, then revoked such pleas and pled nolo contendere to each of the charges. After requesting the required presentence report (RCrP 3.710) the sentencing judge, on July 31, 1974, imposed the following sentences:
Case Number Charge Sentence .
74-766 Sale of heroin 6 months-three years
74-767 Possession of heroin 6 months-three years
74-768 Sale of marijuana 6 months-three years
74-769 Possession of marijuana 6 months-three years
The judgments were rendered in open court and in writing (RCrP 3.670) and the sentencing hearing was conducted (RCrP 3.720) and record thereof made and transcribed (RCrP 3.721).
The sentencing judge ordered the sentences in 74 — 766 and 74-767 (heroin offenses) would merge; that the sentences in Case Nos. 74 — 768 and 74 — 769 (marijuana offenses) would merge; and that the sentences would run concurrently (RCrP 3.-722). As required by Fla.Stat. § 921.-161(1), the defendant was allowed credit for 158 days he was in the county jail.
The appellant was a decorated veteran who stated he became involved in drugs while he served in the United States Army in Vietnam. We think the court wisely utilized the indeterminate sentence method authorized by Fla.Stat. § 921.18, with a recommendation for drug rehabilitation treatment while the appellant is confined to the Division of Corrections.
Certain corrections must be made in the sentences adjudged, albeit they are more in form than substance. Since the convictions occurred on separate counts involving sale and possession of drugs, these were facets of the same transaction. Therefore, only one sentence on the charge of “sale” should be imposed for the heroin offenses and one sentence should be imposed for the marijuana offenses. Yost v. State, Fla.App.3d 1971, 243 So.2d 469; Caivano v. State, Fla.App.2d 1973, 276 So.2d 245.[2] Moreover, since the sentence in 74 — 769 refers to “possession of heroin” when, in fact, the information charged “possession of marijuana”, this sentence must be corrected.
Accordingly, the judgment in each of the cases is affirmed, however, we remand for resentencing consistent with this opinion. It is not necessary for the appellant to appear in court at the time of resentencing.
BOARDMAN, Acting C. J., and GRIMES, J., concur.

. Since we have recently remanded several cases because of procedural irregularities in the sentencing process, we have noted pertinent references to some of the sentencing procedures.

. The trial judge attempted to accomplish this by imposing two sentences and then merging them, however, technically this would not comply with the “same transaction rule.”