366 So.2d 38 (1978)
Alfred Jerome PINDER, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1527.
District Court of Appeal of Florida, Second District.
October 18, 1978.
As Modified on Denial of Rehearing November 17, 1978.
*39 Jack O. Johnson, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Pinder appeals from his judgments and sentences for first-degree murder, sexual battery, and burglary. We affirm his convictions for murder and sexual battery, but reverse his conviction for burglary.
Defendant was charged by indictment with breaking into the apartment of an elderly woman in the early morning hours of July 19, 1976, committing sexual battery upon her, and murdering her. After a lengthy trial the jury found defendant guilty of all three charges. The trial court sentenced him to life imprisonment for first-degree murder, thirty years for sexual battery, and thirty years for burglary.[1] All sentences were to run consecutively.
Defendant contends that his convictions must be reversed because the circumstantial evidence upon which they were based was not legally sufficient. Of course, the test to be applied in judging the sufficiency of circumstantial evidence is "whether that evidence is not only consistent with guilt but also inconsistent with any reasonable hypothesis of innocence." Chaudoin v. State, 362 So.2d 398 at 399 (Fla.2d DCA 1978). Accord, McArthur v. State, 351 So.2d 972 (Fla. 1977); Davis v. State, 90 So.2d 629 (Fla. 1956). We have examined the evidence in great detail and we are satisfied that it was sufficient to meet this standard.
Defendant also contends that the double jeopardy clause of the fifth amendment[2] precluded him from being convicted of sexual battery and burglary in addition to first-degree murder. He bases his argument on two recent cases from the United States Supreme Court.
In the first case, Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the defendant was prosecuted for the misdemeanor offense of joyriding. He pled guilty to the charge and received a short *40 jail term. The State of Ohio subsequently convicted him in a second trial of auto theft on the basis of the same criminal episode. The defendant's claim of double jeopardy was rejected by the Ohio courts, but upheld by the Supreme Court. Justice Powell, speaking for the Court, held that the defendant's conviction of joyriding barred his subsequent prosecution for auto theft, because "the lesser offense  joyriding  requires no proof beyond that which is required for conviction of the greater  auto theft." 432 U.S. at 167, 97 S.Ct. at 2226.
In Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the defendant was convicted of felony-murder on the basis of his participation in a robbery during which the victim was killed. Thereafter he was prosecuted and convicted of robbery on the basis of the same incident. The Court, in a brief per curiam opinion, held that when "conviction for a greater crime, murder, cannot be had without conviction for the lessor crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction for the greater one." 433 U.S. at 682, 97 S.Ct. at 2912.
Defendant points out that even though the indictment charged him with premeditated murder, there was absolutely no evidence of premeditation introduced at trial. Therefore, he contends, the jury must have found him guilty on the basis of its conclusion that he had killed the victim while perpetrating one of the felonies listed in § 782.04(1), Fla. Stat. (1975). Florida law holds that a conviction of first-degree murder can be sustained by evidence of felony-murder, even though the defendant was charged with premeditated murder. Knight v. State, 338 So.2d 201 (Fla. 1976); Ables v. State, 338 So.2d 1095 (Fla. 1st DCA 1976). Here there was no evidence of premeditation. Therefore, we must agree with defendant that the jury could have only found him guilty of first-degree murder on the basis of the evidence that he killed the victim during the perpetration of the burglary or sexual battery.
When a conviction of first-degree murder is based solely on the jury's finding that an unlawful killing was committed by the defendant while engaged in the perpetration of one of the felonies enumerated in § 782.04(1), as was the case here, proof of the underlying felony is, of course, indispensable to the murder conviction. This being true, we hold that under the rationale of Brown v. Ohio and Harris v. Oklahoma defendant Pinder could not have been convicted of felony-murder and the underlying felony on which that murder conviction was based.
The only significant difference between the instant case and Harris v. Oklahoma is that in Harris the defendant was convicted of felony-murder in one trial and robbery in another, whereas here defendant was convicted of felony-murder and the underlying felonies all in one trial. In our opinion this difference does not distinguish the instant case from Harris.
Over one hundred years ago the Supreme Court announced in Ex Parte Lange, 18 Wall. 163, 173, 21 L.Ed. 872, 878 (1874):
For of what avail is the constitutional protection against more than one trial if there can be any number of sentences pronounced on the same verdict? Why is it that, having once been tried and found guilty, he can never be tried again for that offense? Manifestly it is not the danger or jeopardy of being a second time found guilty. It is the punishment that would legally follow the second conviction which is the real danger guarded against by the Constitution. But if, after judgment has been rendered on the conviction, and the sentence of that judgment executed on the criminal, he can be again sentenced on that conviction to another and different punishment, or to endure the same punishment a second time, is the constitutional restriction of any value? Is not its intent and its spirit in such a case as much violated as if a new trial had been had and, on a second conviction, a second punishment inflicted?
The argument seems to us irresistible, and we do not doubt that the Constitution *41 was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it.
This principle has been reaffirmed many times over the years, usually with a quote from Ex Parte Lange. See, e.g., United States v. Wilson, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232, 241 (1975); North Carolina v. Pearce, 395 U.S. 711, 717-718, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969).
The state argues that Harris v. Oklahoma is inapplicable and contends this case is controlled by two decisions of the Supreme Court of Florida.
First, in Slater v. State, 316 So.2d 539 (Fla. 1975) the defendant was prosecuted and convicted in a single trial of both robbery and first-degree murder. On his direct appeal to the supreme court he contended, inter alia, that he could not be sentenced for both robbery and murder. The supreme court rejected this argument, holding that the defendant could be validly convicted and sentenced for both crimes.
In State v. Adams, 335 So.2d 801 (Fla. 1976), the defendant was found guilty of robbery and felony-murder. The supreme court held on the authority of Slater that the defendant could be convicted and sentenced for both crimes.
Admittedly these cases are on point. However, they were decided before Brown v. Ohio and Harris v. Oklahoma. We think that these United States Supreme Court decisions require that where (as here) the defendant is convicted of felony-murder, and there is no evidence of premeditation other than the fact that the killing occurred during the perpetration of the underlying felony, he cannot also be convicted and sentenced for the underlying felony. To this extent we feel that Slater and Adams no longer are controlling precedents.
A different panel of this court faced an almost identical question recently. In Ennis v. State, 364 So.2d 497 (Fla.2d DCA 1978), the defendant was charged with felony-murder and robbery, and convicted of both in a single trial. The majority held that under § 775.021(4), Fla. Stat. (1977) the defendant could not have been sentenced for robbery, since that statute prohibits a defendant from being sentenced for a lesser-included offense as well as the greater offense. The majority found that robbery was a category (4) lesser-included offense under Brown v. State, 206 So.2d 377 (Fla. 1968), because, as Judge Boardman noted, "its commission was alleged in the charging language of the murder count and was proved at trial."[3]Ennis v. State, supra, at 500. In the course of his opinion Judge Boardman considered the cases we have discussed, and specifically rejected the argument that Slater and Adams were overruled by Harris v. Oklahoma and Brown v. Ohio. However, in a specially concurring opinion Chief Judge Grimes expressed a belief that Harris v. Oklahoma may have implicitly overruled the Florida Supreme Court cases.
The somewhat unsettled state of the law on the aspect of double jeopardy presented by this case and the decision of this court in Ennis v. State, supra, has persuaded us to certify this question to the Supreme Court of Florida as being one of great public interest.
One further problem needs to be addressed. Both burglary and sexual battery are among the felonies enumerated in § 782.04(1). So, proof of an unlawful killing committed by one engaged in the perpetration *42 of either of these felonies will support a conviction of first-degree murder. This being so, it was not necessary in the instant case for the state to prove both sexual battery and burglary to sustain the felony-murder conviction, but only one of the two. Therefore, we need not vacate defendant's convictions on both of these charges. We choose to vacate the conviction and sentence for burglary, as it is the less serious of the two.
Finding no merit to the other points raised by defendant, his convictions and sentences for sexual battery and first-degree murder are affirmed; however, his conviction and sentence for burglary are vacated. The following question is certified to the Supreme Court of Florida as being one of great public interest:
CAN A DEFENDANT BE CONVICTED AND PUNISHED FOR BOTH FIRSTDEGREE MURDER AND AN UNDERLYING FELONY ENUMERATED IN § 782.04(1) WHERE:
(A) THE DEFENDANT IS CHARGED WITH PREMEDITATED MURDER AND ONE OR MORE OF THE FELONIES ENUMERATED IN § 782.04(1); and
(B) THE EVIDENCE TO SUSTAIN THE MURDER CONVICTION IS FURNISHED SOLELY BY PROOF THAT THE KILLING OCCURRED AS A RESULT OF COMMISSION OF ONE OF THE SAID FELONIES?
OTT and DANAHY, JJ., concur.
NOTES
[1] Although we are reversing the burglary conviction, we note in passing that the thirty-year sentence imposed on that charge was excessive. The burglary count of the indictment alleged that defendant "did unlawfully enter or remain in a certain dwelling ... with the intent to commit an offense therein, in violation of Florida Statute 810.02(3)." Since there was no allegation that defendant was armed or committed an assault during the course of the burglary, the crime charged was only a second-degree felony. § 810.02(3), Fla. Stat. (1975). The maximum period of imprisonment for a second-degree felony is fifteen years. § 775.082(3)(c), Fla. Stat. (1975); see Averheart v. State, 358 So.2d 609 (Fla. 1st DCA 1978).
[2] The double jeopardy clause is made applicable to the states through the fourteenth amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Florida Constitution also contains a double jeopardy clause in Art. 1, § 9.
[3] § 775.021(4) is inapplicable to the instant case because sexual battery and burglary do not fit into any of the categories of lesser-included offenses as defined in Brown v. State. Though at first glance these crimes may appear to be category (4) lesser-included offenses of felony-murder, they cannot be so construed because to be a category (4) there must not only be proof that the lesser offense is included in the greater but also an allegation in the charging document to this effect. Brown v. State, supra, at 383. The indictment in the instant case charged defendant with premeditated murder and did not contain an allegation (as did the Ennis indictment) that the killing had been committed during the perpetration of one of the felonies enumerated in § 782.04(1). Therefore, sexual battery or burglary could not be lesser-included offenses under Brown v. State.