HOBSON, Acting Chief Judge.
Carroll Humphreys appeals from convictions of burglary in the course of which he armed himself with a dangerous weapon and possession of burglary tools. He received a thirty-year sentence for the burglary and a consecutive five-year sentence for possession of burglary tools.
On appeal, Humphreys argues that he should not have received a separate sentence for possession of burglary tools, but only one sentence for burglary. Under the circumstances of this case, we agree. The only evidence of possession of burglary tools was a screwdriver on Humphreys’ person when he was apprehended at the burglary site, and Humphreys’ own admission that he had used the screwdriver to gain entry. The facts are thus the same as those in Foster v. State, 286 So.2d 549 (Fla.1973). In Foster, our supreme court held that because the defendant could not have been convicted for possession of a screwdriver had he not used it to perpetrate a burglary, possession of burglary tools was not a separate and distinct offense for which a separate sentence could be imposed. Because the possession charge in the instant case could only have been made under the circumstances of the screwdriver having been used in the perpetration of the burglary, we hold that Foster is controlling.[1]
*608 We find the other points raised by Hum-phreys to be without merit and we affirm his convictions.
Accordingly, the sentence imposed on Humphreys for possession of burglary tools is vacated. Humphreys’ sentence for burglary in the course of which he armed himself with a dangerous weapon is affirmed without the necessity of bringing Hum-phreys before the trial court for resentenc-ing.
RYDER and DANAHY, JJ., concur.

. The State argues that the sentence is governed by Section 775.021(4), Florida Statutes (1979), which provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may *608 order the sentences to be served concurrently or consecutively.
However, we have examined the above section and determined that under the particular facts present in this case and in Foster v. State, possession of burglary tools is a category (4) lesser included offense as defined in Brown v. State, 206 So.2d 377 (Fla. 1968). As such, it is excluded from the operation of Section 775.-021(4).