405 So.2d 986 (1981)
David Mark CANTRELL, Appellant,
v.
STATE of Florida, Appellee.
No. PP-92.
District Court of Appeal of Florida, First District.
February 11, 1981.
Rehearing Denied June 1, 1981.
*987 David Mark Cantrell, in pro. per.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Cantrell appeals from the trial court's order denying his motion for post-conviction relief. He contends that imposition of separate sentences for the offenses of burglary and possession of burglary tools was improper. Under the facts of this case, we agree.
In Foster v. State, 286 So.2d 549 (Fla. 1973), the Supreme Court held that the imposition of separate sentences for breaking and entering with intent to commit a felony and possession of burglary tools was improper. In that case, the only evidence of the crime of possession of burglary tools was a simple screwdriver on the accused's person when he was apprehended. There was also evidence that the screwdriver was used in the breaking and entering. In concluding that breaking and entering and possession of the burglary tool, to wit: the screwdriver, were two facets of the same transaction, the Supreme Court stated:
... For, while it is true that one can be convicted of breaking and entering without being convicted of possession of burglary tools, one cannot be convicted of possession of burglary tools, when those tools are nothing more than a simple screwdriver, without the use of such a tool in a burglary, breaking and entering, et cetera. To rule otherwise, would be to hold that the state has the police power to criminalize possession of a simple household tool, i.e., a screwdriver. It does not. It would be an unconstitutional act  in excess of the State's police power  to criminalize the simple possession of a screwdriver, just as much as it would be to criminalize the possession of such items as ladies' hat pins, automobile tire iron kits, et cetera, without first requiring that they first be used as burglary tools. An examination of the burglary tools statute [footnote omitted] reveals the potential for any number of common household tools to be "illegal" unless the statute is construed, in an appropriate case, such as this, to require that for such a tool to be "illegal", it must be used as a burglary tool  thus becoming a facet of the burglary, breaking and entering transaction, etc.... [Emphasis in original.]
Although the court receded from Foster in Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975), to the extent it conflicted therewith, the court noted in Johnson v. State, 366 So.2d 418 (Fla. 1978), that limited to its peculiar facts Foster is still good law.
The facts in the present case are virtually identical to those in Foster. The burglary tools Cantrell possessed were a simple screwdriver, gloves and a flashlight. As in Foster, possession of these otherwise innocent items was unlawful only because the evidence established that these items were in fact used to commit a burglary. See, Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979).
*988 Since the decision in Foster, the legislature has enacted the single transaction statute, Section 775.021(4), Florida Statutes (Supp. 1976), which provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
This statute has been interpreted as prohibiting sentencing on lesser included offenses arising out of the same criminal transaction as the higher offense. Sellars v. State, 362 So.2d 33 (Fla. 1st DCA 1978), cert. discharged, 377 So.2d 24 (Fla. 1979); McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979); Purvis v. State, 370 So.2d 32 (Fla. 2d DCA 1978). Although Section 775.021(4) might appear to authorize separate sentences herein, we conclude that double jeopardy principles preclude separate convictions.
In State v. Pinder, 375 So.2d 836 (Fla. 1979), the Supreme Court agreed with the decision of the Second District in Pinder v. State, 366 So.2d 38 (Fla. 2d DCA 1978), that a defendant convicted of first-degree murder and an underlying felony enumerated in Section 782.04(1), Florida Statutes, could not be convicted and punished for both the felony murder and the underlying felony where the evidence necessary to sustain the murder conviction was based solely upon proof that the killing occurred as a result of the commission of such underlying felony. Because proof of the felony was necessary to sustain the murder conviction, the court determined that under the Blockburger[1] test, imposition of separate punishments violated the double jeopardy clause. In Pinder, the underlying felony was not a Category (4) lesser included offense of the murder charge.[2]Pinder, 366 So.2d at 41. Nonetheless, the court found that double jeopardy precluded cumulative punishments. The present case is analogous. In order to prove the requisite intent for possession of burglary tools, where such tools are mere household tools, the evidence must establish that the items were in fact used to commit or attempt to commit a burglary. We thus read Foster as requiring that burglary or attempted burglary must be established in order to sustain a possession of burglary tool conviction where the tools are mere household items. Because proof of the burglary was indispensable in this case in order to sustain the conviction of possession of burglary tools, under the Pinder rationale, we conclude that it was error to separately punish Cantrell for burglary and possession of burglary tools.
We recognize that this issue was considered and rejected by us in Cantrell's direct appeal. Cantrell v. State, 368 So.2d 1376 (Fla. 1st DCA 1979), a per curiam affirmance without opinion. However, an illegal sentence constitutes fundamental error, Noble v. State, 353 So.2d 819 (Fla. 1978), and we are at liberty to correct our previous error. Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
*989 We have considered Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). There Justice Blackmun, in a specially concurring opinion, quoted from Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), as follows:
`Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'
Justice Blackmun further stated:
Dicta in recent opinions of this Court at least have suggested, and I now think wrongly, that the Double Jeopardy Clause may prevent the imposition of cumulative punishments in situations in which the Legislative Branch clearly intended that multiple penalties be imposed for a single criminal transaction. See Simpson v. United States, 435 U.S. 6, 11-13 [98 S.Ct. 909, 912-913, 55 L.Ed.2d 70] (1978); Jeffers v. United States, 432 U.S. 137, 155 [97 S.Ct. 2207, 2218, 53 L.Ed.2d 168] (1977) (plurality opinion). I believe that the Court should take the opportunity presented by this case to repudiate those dicta squarely, and to hold clearly that the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. I must concede that the dicta that seemingly support a contrary view have caused confusion among state courts that have attempted to decipher our pronouncements concerning the Double Jeopardy Clause's role in the area of multiple punishments.
The legislature, by § 775.021(4), Florida Statutes (Supp. 1976), has clearly authorized multiple punishments for two offenses arising out of one criminal transaction unless one of the offenses is a lesser included offense of the other. Since neither offense in the case sub judice nor in Pinder was a lesser included offense of the other, under the rationale of Justice Blackmun's specially concurring opinion, it would appear that the imposition of separate sentences here (and also in Pinder) did not violate the Double Jeopardy Clause of the United States Constitution. But since (as Justice Blackmun points out) a majority of the United States Supreme Court has not spoken with clarity on this point, we must follow the Supreme Court of Florida's ruling in Pinder.
The other claims raised in Cantrell's motion have been examined and are without merit since they are conclusively refuted by the record.
Accordingly, the judgment and sentence for possession of burglary tools are hereby vacated.
SMITH and SHIVERS, JJ., concur.

ON PETITION FOR REHEARING
We have considered the State's petition for rehearing and request for certification.
We adhere to our original opinion that this case is factually indistinguishable from Foster v. State, 286 So.2d 549 (Fla. 1973), and that under the rationale of State v. Pinder, 375 So.2d 836 (Fla. 1979), separate punishment for burglary and possession of burglary tools violates double jeopardy.
We agree that recent decisions of the United States Supreme Court indicate that the double jeopardy limitation of the federal constitution does not prohibit cumulative punishment for offenses imposed in a single trial if the legislature has explicitly evidenced an intent to punish cumulatively. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Hunter v. State, 420 A.2d 119 (Del. 1980), cert. granted 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981) (vacating judgment and remanding for reconsideration in light of Albernaz, supra) and Brown v. State, 607 S.W.2d 801 (Mo. App. 1980), cert. granted, 450 U.S. 1027, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981) (vacating judgments and remanding for reconsideration in light of Albernaz, supra). See generally, Westen & Drubel, Toward a General Theory *990 of Double Jeopardy, 1978 Supreme Court Rev. 81; Note, Twice in Jeopardy, 75 Yale L.J. 262 (1965). However, since the Florida Supreme Court is free to accord a more restrictive construction to Article I, Section 9, of the Florida Constitution than that given the double jeopardy clause of the United States Constitution, we are compelled to follow State v. Pinder, supra. We agree that our decision passes upon a question of great public importance and in accordance with Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) certify the following question to the Supreme Court of Florida:
The Supreme Court of the United States having ruled in Albernaz v. United States, supra, that the imposition of consecutive sentences for violation in one criminal transaction of two separate statutes is not precluded by the double jeopardy clause of the Fifth Amendment of the United States Constitution, does the Supreme Court of Florida desire to adopt the same construction or a more restrictive construction to Article I, Section 9, of the Florida Constitution?
Petition for rehearing denied.
SMITH, LARRY G. and SHIVERS, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); See also, Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977).
[2] Brown v. State, 206 So.2d 377, 383 (Fla. 1968) defines Category (4) lesser included offenses as:

... those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense... . [Emphasis in original.]
In Pinder, the indictment charging premeditated murder contained no allegation that the killing had been committed during the perpetration of one of the felonies enumerated in § 782.04(1).