417 So.2d 260 (1982)
STATE of Florida, Petitioner,
v.
David Mark CANTRELL, Respondent.
No. 60721.
Supreme Court of Florida.
July 8, 1982.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
David M. Cantrell, in pro. per.
McDONALD, Justice.
Cantrell successfully appealed a trial court's denial of his motion for post-conviction relief wherein he contended that the imposition of separate sentences for the offenses of burglary and possession of burglary tools was improper. When it reversed the trial court's denial the First District Court of Appeal certified the following question as being of great public importance:
The Supreme Court of the United States having ruled in Albernaz v. United States [450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)], that the imposition of consecutive sentences for violation in one criminal transaction of two separate statutes is not precluded by the double jeopardy clause of the Fifth Amendment of the United States Constitution, does the Supreme Court of Florida desire to adopt the same construction or a more restrictive construction to Article I, Section 9, of the Florida Constitution?
Cantrell v. State, 405 So.2d 986, 990 (Fla. 1st DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In our recent decision of Borges v. State, 415 So.2d 1265 (Fla. 1982), we held that it is permissible to impose consecutive sentences for violations committed during one criminal transaction of two or more separate statutes. To answer the instant question, we apply and construe article I, section 9 of the Florida Constitution in the same manner that the United States Supreme Court applied the fifth amendment to the United States Constitution in Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), as it relates to consecutive sentences for violation in one criminal transaction of two separate statutes. The decision of the district court in Cantrell is quashed.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.