420 So.2d 585 (1982)
Dave FERGUSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 61373.
Supreme Court of Florida.
September 9, 1982.
Rehearing Denied November 2, 1982.
*586 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., Miami, for respondent.
OVERTON, Justice.
This is a petition to review the decision of the Third District Court of Appeal reported at 404 So.2d 179 (Fla. 3d DCA 1981), which directly conflicts with the decision in Humphreys v. State, 388 So.2d 607 (Fla. 2d DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court below and hold that a person may be convicted and sentenced for both burglary and possession of burglary tools when the tool is a common household item, such as a screwdriver, and the evidence shows that the item was used, or was intended to be used, in a burglary.
In Borges v. State, 415 So.2d 1265 (Fla. 1982), we upheld a conviction and sentence for both the offense of burglary, section 810.02, Florida Statutes (1977), and the offense of possession of burglary tools, section 810.06, Florida Statutes (1977). We found that possession of burglary tools was not a lesser included offense of burglary so that multiple convictions and separate sentences for these two offenses were authorized by section 775.021(4), Florida Statutes (1977).[*] We further determined that the multiple convictions and consecutive sentences did not violate the Double Jeopardy Clause of the Fifth Amendment "because where the legislature has expressed its intent that separate punishments be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition." Id. at 1267 (citing Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)); State v. Cantrell, 417 So.2d 260 (Fla. 1982).
Petitioner argues that a unique issue is presented in this case because the burglary tool in question was a common screwdriver. He contends that, because a screwdriver cannot be considered a burglary tool in the *587 absence of evidence that the screwdriver was in fact used in a burglary, the possession charge would be a lesser included offense of burglary. This was the reasoning that led the court in Humphreys to vacate the separate sentence for possession of burglary tools. The Humphreys decision was based on facts almost identical to those in the instant case.
In finding that the possession charge was a lesser included offense of burglary, the court in Humphreys relied on our decision in Foster v. State, 286 So.2d 549 (Fla. 1973). 388 So.2d at 607, n. 1. In Foster, we found that, because the burglary tool at issue was a screwdriver, convictions and sentences for both burglary and possession of burglary tools were improper. We did not, however, base our holding on a determination that possession of burglary tools was a lesser included offense of burglary in circumstances where the tool was a common household item. Rather, we found that possession of a common household item is illegal only when it is used as a burglary tool and that, in these circumstances, possession of burglary tools was simply a facet of the criminal transaction of burglary and so could not support a separate conviction and sentence. In Johnson v. State, 366 So.2d 418, 420, n. 4 (Fla. 1978), which also dealt with the "single transaction rule," we reaffirmed, on its facts, our holding in Foster.
In Borges, we directly construed the application of section 775.021(4), and we found that the "statute has abrogated the single transaction rule." 415 So.2d at 1266. The reasoning in Foster, therefore, can no longer be used to declare that separate convictions and sentences for burglary and possession of burglary tools are improper when the tools are common household items. Multiple convictions and consecutive sentences, under both section 775.021(4) and the Double Jeopardy Clause, are barred only when an offense is a lesser included offense of a more serious crime. See State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
As we held in Borges, possession of burglary tools is not a lesser included offense of burglary, either under the previously-recognized "category four" definition of lesser included offenses, Brown v. State, 206 So.2d 377 (Fla. 1968), or under the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions, at 264 (2d edition 1981). Possession of a common household item can be illegal when the person possessing it has used it in committing a burglary or has the intent to use it in committing a burglary. § 810.06. The offenses of burglary and possession of burglary tools are separately defined offenses under sections 810.02 and 810.06, and, even through the tool in question is a screwdriver, a person may properly be convicted and sentenced for each of them under section 775.021(4). The Double Jeopardy Clause is not applicable under these circumstances. See Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).
For the reasons expressed, we approve the decision of the district court below and disapprove the decision in Humphreys v. State.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] That section became effective October 1, 1976, and provides:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.