PER CURIAM.
Daniel Delgado appeals a revocation of community control and the sentences imposed thereon. We affirm.
Delgado was sentenced to three years in prison, followed by two years of community control and two years probation, on charges of attempted second degree murder and possession of a firearm while engaged in a criminal offense. An affidavit of violation of community control was filed, *199 asserting that Delgado was in possession of marijuana. Three probation officers and police officers searched defendant’s residence. The search revealed marijuana and other items. Delgado moved to suppress the evidence. The court denied the motion finding that a probationer’s home can be randomly searched by probation officers. The court found that Delgado had violated his community control and probation and sentenced him. Delgado appeals.
We find no error with the denial of the suppression motion. As a threshold matter, Delgado’s challenge to the legality of the search of his residence was not preserved for our review. See § 924.051(1)(b), Fla. Stat. (2005); Jones v. State, 883 So.2d 369, 371 (Fla. 3d DCA 2004) (to preserve issue for appellate review specific ground upon which it is based must be presented to trial court). Moreover, even if this issue had been properly preserved, the warrantless search of a probationer’s residence was valid pursuant to Soca v. State, 673 So.2d 24 (Fla.1996), cert. denied, 519 U.S. 910, 117 S.Ct. 273, 136 L.Ed.2d 196 (1996), and the evidence adduced in that search was admissible in probation revocation proceedings below. Id.
Furthermore, we find no error in the sentence imposed. The sentence, as modified in the order on Delgado’s motion to correct sentencing error, did not exceed the statutory maximum for the convictions. § 775.082(3)(c), Fla. Stat. (1999). The imposition of consecutive sentences is also not error as each offense contains an element the other does not. See § 775.021(4)(a), Fla. Stat. (1999); Ferguson v. State, 420 So.2d 585 (Fla.1982) (multiple convictions and consecutive sentences do not violate double jeopardy); Borges v. State, 415 So.2d 1265 (Fla.1982) (same).
Finding no merit to the other issues raised on appeal, the revocation and sentences are affirmed.
Affirmed.