BERGER, J.
Eddie Aldardo Mayo, Jr. appeals his judgment and sentence for manslaughter.[1] He argues that the trial court erred in denying his dispositive pretrial motion to dismiss based on Florida’s “Stand Your Ground” law. See §§ 776.082 and 776.012(1), Fla. Stat. (2009). Specifically, Mayo contends that the trial court erred by improperly concluding that he was not entitled to immunity from prosecution because he was engaged in an unlawful activity, namely, trespass, at the time that he acted in self-defense. In a similar case, we held that under the “Stand Your Ground” law prior to its amendment in 2014, a defendant could assert immunity from prosecution under section 776.012[2] even if he was engaged in an unlawful act at the time that he acted in self-defense. See Miles v. State, 40 Fla. L. Weekly D372a (Fla. 5th DCA Feb. 6, 2015) (reversing and. remanding for discharge on counts of second-degree murder (reduced to manslaughter) and attempted second-degree murder (reduced to aggravated battery) based on “Stand your Ground” immunity under sections 776.032 and 776.012, Florida Statutes). We are bound by our prior decision in Miles. Because the present-existing exception for a defendant’s engagement in unlawful activity did not exist under section 776.012(1), Florida Statutes, at the time that Mayo filed his motion to dismiss, and because there was competent, substantial evidence to support the trial court’s finding that Mayo acted in self-defense, we agree with Mayo that the trial court erred in concluding that he was not entitled to immunity from prosecution under section 776.032(1), Florida Statutes. Accordingly, we reverse the judgment and sentence under review and remand with directions that the trial court discharge Mayo on the charge of manslaughter.
REVERSED and REMANDED, with instructions.
PALMER and LAWSON, JJ., concur.

. Mayo raises three issues on appeal, none of which were preserved below. We find the first issue to be dispositive and address it only because we determine that the fundamental error is apparent on the face of the record. See Wyche v. State, 178 So.2d 875, 877 (Fla. 2d DCA 1965) ("Although no error was assigned in regard to the legality of appellant's sentences — nor was the matter argued — an appellate court will always consider a fundamental error that is apparent on the face of the record.”).

. Section 776.012, Florida Statutes, was amended in 2014 to include an exception for individuals engaged in unlawful activity at the time that they acted in self-defense. However, this substantive change in the law does not affect Mayo's case. See Smiley v. State, 966 So.2d 330 (Fla.2007).