794 So.2d 639 (2001)
William Anthony NOLAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2790.
District Court of Appeal of Florida, Second District.
May 25, 2001.
*640 William Anthony Nolan, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
William Anthony Nolan appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 alleging claims of ineffective assistance of counsel. The motion contained ten enumerated grounds and one additional ground. The trial court summarily denied five of Mr. Nolan's claims and denied the others after an evidentiary hearing. We affirm the trial court's denial as to all grounds except grounds 1 and 8. With respect to grounds 1 and 8, we reverse because the trial court failed to attach documents to the order that conclusively refuted these facially sufficient claims.
Mr. Nolan was convicted and sentenced for capital sexual battery, lewd and lascivious act on a child, and engaging in sexual activity with a child. The victim was Mr. Nolan's stepdaughter. This court affirmed the convictions and sentences on direct appeal. Nolan v. State, 699 So.2d 693 (Fla. 2d DCA 1997) (table). Mr. Nolan then filed this motion for postconviction relief. The trial court summarily denied five of the ten enumerated grounds and required an evidentiary hearing on the remaining grounds. The trial court attached to its first order a copy only of Mr. Nolan's current motion. Following the evidentiary hearing, the trial court entered a second order denying the five remaining enumerated grounds. We conclude that the trial court properly resolved all issues at the evidentiary hearing. However, the trial court never formally resolved the final ground.
The final ground appears on page 50 of Mr. Nolan's motion, in a second section entitled "Trial Court Error." It alleges the trial court erred at the first sentencing hearing by allowing a stand-in public defender, who was unfamiliar with the case, to represent Mr. Nolan. Although the trial court did not rule on this somewhat concealed issue, we conclude that it is facially insufficient. First, it is not clear that the allegation raises an issue of ineffective assistance of counsel because the ground merely suggests that the trial court should have prevented the new lawyer from appearing. Second, assuming that this claim alleges ineffective assistance of counsel, Mr. Nolan's sentence for capital sexual battery was mandated by statute. He received typical guidelines sentences for the other convictions, and his motion does not explain how his stand-in public defender provided any deficient representation that prejudiced Mr. Nolan.
Two of the issues that the trial court denied in the first order involved facially sufficient claims that are not refuted by any attachments to the initial order or by any other portion of the record in this appeal following the evidentiary hearing. In ground 1 of his motion, Mr. Nolan alleges in great detail and with lengthy quotations from the trial that his trial counsel was ineffective for failing to object to prejudicial statements by the prosecutor. The trial court dismissed this claim, stating that Mr. Nolan "fails to show how counsel had no excuse for overlooking the *641 objection or how the outcome of the trial `likely' would have been different had the objection been made." We conclude that the trial court erred in two respects when denying this ground.
First, the trial court confused Mr. Nolan's obligation to plead a legally sufficient claim with his burden at an evidentiary hearing. Under rule 3.850, a "movant is entitled to an evidentiary hearing on a claim of ineffective assistance of counsel if he alleges specific `facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant.'" Gaskin v. State, 737 So.2d 509, 516 (Fla.1999) (citing Roberts v. State, 568 So.2d 1255, 1259 (Fla.1990)). An evidentiary hearing is presumed necessary unless the motion is legally flawed or the record conclusively shows the defendant is entitled to no relief. Fla. R.Crim. P. 3.850(d); Patton v. State, 784 So.2d 380 (Fla.2000). Although a defendant has the burden of establishing a prima facie case for postconviction relief with more than mere conclusory allegations, Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000), the detailed allegations in this motion are legally sufficient.
Second, the trial court did not attach a copy of the relevant portions of the trial transcript. When a motion is legally sufficient on its face, rule 3.850(d) requires the trial court to attach to its order those portions of the record which conclusively establish that the appellant is entitled to no relief. Given that the allegations in this case were facially sufficient, the trial court must either deny this ground with the appropriate attachments or it must conduct an evidentiary hearing.
We should observe that the only issue Mr. Nolan raised on direct appeal was the prejudicial conduct of the prosecutor. On direct appeal, most of that conduct could be reviewed only under the fundamental error rule because the alleged errors had not been preserved by objection. See State v. Anton, 700 So.2d 743, 746 (Fla. 2d DCA 1997) (citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)). Thus, the fact that prosecutorial misconduct was raised as fundamental error on direct appeal does not preclude Mr. Nolan from raising this related issue as a matter of ineffective assistance of counsel. See Perry v. State, 787 So.2d 67 at 68 (Fla. 2d DCA 2001) (holding ineffective assistance of counsel claim for failure to object to prosecutor's comments cognizable in postconviction motion since court unable to review on appeal because trial counsel failed to preserve error) (citing Henderson v. State, 727 So.2d 284 (Fla. 2d DCA 1999), receded from on other grounds, Washington v. State, 752 So.2d 16 (Fla. 2d DCA 2000) (en banc)).
In ground 8, Mr. Nolan alleges his trial counsel was ineffective for failing to object to or challenge the testimony of the State's only medical witness, a licensed practical nurse, whom the trial court allegedly never accepted as an expert witness. The trial court dismissed this ground, stating that Mr. Nolan "has not shown that the verdict reached by the jury was compromised by counsel's failure to object to the testimony given by the witness." The order does state that the nurse was a critical witness. The nurse provided the only expert testimony supporting the victim's claim that she had been assaulted. The alleged assaults were witnessed by no one other than the victim, who admitted that she did not like living with her stepfather. Accordingly, a decision to exclude or limit the nurse's testimony may have been quite significant in this case. See Freeman, 761 So.2d at 1065 (articulating reasonable doubt standard in ineffectiveness of counsel claim as to effect of witness's *642 testimony on jury's decision). In any event, the trial court did not support its ruling with attachments from the record.
Accordingly, we remand this case to the trial court for further proceedings on grounds 1 and 8. On remand, the trial court should reexamine the records and files to determine whether they conclusively show Mr. Nolan is not entitled to relief on these two counts. If so, the trial court may summarily deny these grounds again, and must attach to its order those documents on which it relies. If not, the trial court must conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.