ON MOTION FOR REHEARING
 

 COHEN, J.
 

 Appellant filed a timely motion for rehearing raising two issues. The first is a scrivener’s error discrepancy between the trial court’s oral pronouncement and the written sentence which the appellant alleged in his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, but did not raise on appeal. Because motions for rehearing are strictly
 
 *840
 
 limited to calling an appellate court’s attention, without argument, to something the appellate court has overlooked or misapprehended, we deny relief on the claim of a scrivener’s error without prejudice to appellant filing a rule 3.800 motion.
 
 See Cleveland v. State,
 
 887 So.2d 362, 364 (Fla. 5th DCA 2004).
 

 Appellant’s second argument, not raised in his rule 3.850 motion or on appeal, but raised for the first time on rehearing, alleges error in a jury instruction that utilized the phrase “any photograph” in defining the offense of possession of child pornography. Notwithstanding the statute’s express intent that possession of each such item is a separate offense, appellant argues that the instruction resulted in fundamental error of erroneous multiple convictions. This claim could have been brought on direct appeal and is procedurally barred in postconviction proceedings.
 
 See Willacy v. State,
 
 967 So.2d 131, 141 (Fla.2007).
 

 MOTION DENIED.
 

 GRIFFIN and LAWSON, JJ., concur.