*133
 
 ALTENBERND, Judge.
 

 Ernest L. Hughes appeals the trial court’s order denying his postconviction motion as untimely. Pursuant to a plea agreement, Mr. Hughes was sentenced to life in prison in 1997 for killing a woman with a hatchet during a robbery. In 2008, he filed his postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. His motion alleges that although it is filed beyond the normal two-year limitation period of rule 3.850(b), it should nevertheless be given full consideration because the claim alleged is a matter of “fundamental error.” We affirm the trial court’s order and write to dispel the common misconception among prisoners that “fundamental error” can be reviewed in a postconviction proceeding at any time, including beyond the two-year period normally permitted for motions filed under rule 3.850.
 

 Admittedly, a generic concept of “fundamental error” has been mentioned extensively in opinions discussing postconviction relief. Nevertheless, “fundamental error,” as most commonly defined as an error for which relief can be given on direct appeal even if the issue was not preserved in the trial court, is not a basis to justify an extension of time for the filing of a post-conviction motion. Indeed, an error that is actually reviewable on direct appeal as “fundamental error” cannot be raised on postconviction review except as a matter of ineffective assistance of counsel. Thus, we write to discourage the use of this term in postconviction proceedings and to encourage defendants to allege a claim using the language of rule 3.850 or other more specific legal concepts.
 

 I. Mr. Hughes’ Belated Theory
 

 Mr. Hughes deserves credit for not concealing the successive and belated nature of his motion. He admits that he was indicted for murder in 1997 and that he pleaded nolo contendere to that charge in exchange for a life sentence. He recites that he has filed four prior postconviction motions. The last motion was filed in 2008 and denied as untimely. He believes that this motion deserves consideration on the merits because it raises an issue not raised in the prior motions, an issue that he claims is a matter of “fundamental error” that can be corrected at any time, including a decade after his judgment and sentence became final.
 

 The error that Mr. Hughes maintains is “fundamental” does not actually appear to be an error of any sort. He complains
 
 *134
 
 that the grand jury indicted him for murder, stating that he “did unlawfully, while engaged in the perpetration of, or in the attempt to perpetrate a robbery, kill and murder [the victim], a human being, by hitting her in the head with a hatchet in violation of Florida Statute 782.04.” He believes that he could not plead nolo con-tendere to first-degree felony murder in light of the language of this charging document. He believes that the indictment needed to allege that he committed the crime with “premeditated design.” Clearly, he is confused about the nature of first-degree felony murder versus first-degree premeditated murder.
 
 See
 
 § 782.04(l)(a), Fla. Stat. (1996). He was charged with felony murder and was convicted of the same because he pleaded to that crime.
 

 Despite the weakness of his theory, this court is interested in his argument that a fundamental error can be raised at any time, including beyond the normal period for a postconviction writ. This theory has become a common claim by prisoners. As explained below, the use of this term by defendants probably diminishes their chances of success. The judicial use of the term “fundamental error” in the postcon-viction setting has been rather loose, but it has related to a far narrower range of issues than those that are reasonably perceived by a prisoner untrained in the law as matters of fundamental error.
 

 II. A Brief Examination of Rule 3.850
 

 Florida Rule of Criminal Procedure 3.850 contains a reasonably extensive explanation of the grounds for and the contents of such a motion. In subsection (a) it states:
 

 (a) Grounds for Motion. The following grounds may be claims for relief from judgment or release from custody by a person who has been tried and found guilty or has entered a plea of guilty or nolo contendere before a court established by the laws of Florida:
 

 (1) The judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida.
 

 (2) The court did not have jurisdiction to enter the judgment.
 

 (3) The court did not have jurisdiction to impose the sentence.
 

 (4) The sentence exceeded the maximum authorized by law.
 

 (5) The plea was involuntary.
 

 (6) The judgment or sentence is otherwise subject to collateral attack.
 

 The rule proceeds to explain the normal two-year time limitations for such motions, followed by a list of three recognized exceptions to those limitations. Those exceptions include:
 

 (1) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or
 

 (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
 

 (3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.
 

 Fla. R.Crim. P. 3.850(b). At the conclusion of subsection (c), which describes the contents of the motion, the rule states:
 

 This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
 

 Noteworthy to this discussion is that nothing in the rule states that “fundamental error” is a ground for relief.
 

 
 *135
 
 III. Fundamental Error as Error that Cannot Be Raised on Postconviction Review
 

 There are undoubtedly several definitions of “fundamental error.” In Florida, however, the term is most frequently equated with an error that “can be considered on appeal without objection in the lower court.”
 
 State v. Smith,
 
 240 So.2d 807, 810 (Fla.1970). “In its narrowest functional definition, ‘fundamental error’ describes an error that can be remedied on direct appeal, even though the appellant made no contemporaneous objection in the trial court and, thus, the trial judge had no opportunity to correct the error.”
 
 Judge v. State,
 
 596 So.2d 73, 79 n. 3 (Fla. 2d DCA 1991). The case law often attempts to further define “fundamental error” in order to help judges and practitioners to predict whether a particular error will fall into this category, but all of the definitions attempt to create a “narrow” category of issues that can be reviewed on direct appeal despite the party’s failure to preserve the issue by objection in the lower tribunal.
 
 See Maddox v. State,
 
 760 So.2d 89, 95 (Fla.2000).
 

 If a “fundamental error,” as so defined, is one that can be reviewed on direct appeal without any preservation in the lower court, then such an error arguably is a ground “that could have or should have been raised ... on direct appeal of the judgment and sentence.”
 
 See
 
 Fla. R.Crim. P. 3.850(c). In other words, the requirement of proper preservation in rule 3.850 requires no action in the trial court to allow review on direct appeal of an issue that is fundamental error. Accordingly, it is not surprising that courts have occasionally observed that an issue could not be raised in a postconviction motion because, if it truly were a matter of fundamental error, it could have and should have been raised on direct appeal.
 
 See Franqui v. State,
 
 965 So.2d 22, 35 (Fla.2007);
 
 Brudnock v. State,
 
 16 So.3d 839 (Fla. 5th DCA 2009).
 

 Obviously, there are times when an error that is unsuccessfully argued as fundamental error on direct appeal results in a facially sufficient claim in a postconviction proceeding because the trial lawyer was allegedly ineffective when he or she failed to object to the offending evidence or argument, thereby rendering the outcome of the trial court proceedings unreliable.
 
 See, e.g., Nolan v. State,
 
 794 So.2d 639, 641 (Fla. 2d DCA 2001) (holding that the defendant’s claim of counsel’s failure to object to prosecutorial misconduct constituted facially sufficient claim in spite of the fact that the challenged conduct was raised as a matter of fundamental error on direct appeal). However, in that context, the postconviction claim is not and should not be raised as a claim of “fundamental error.” When a postconviction claim is raised with an allegation that it is a matter of fundamental error, the defendant essentially invites the trial court to rely on the above-cited cases to dismiss the claim as one that could and should have been resolved on direct appeal.
 

 IV. Four Explanations for the Use of “Fundamental Error” in Postcon-viction Case Law
 

 There are now more than 140 reported cases that reference “fundamental error” in the context of “postconviction” relief.
 
 [1]
 
 It is undoubtedly impossible to sort all of these cases into a few categories. There
 
 *136
 
 do, however, appear to be four categories demonstrating that the use of the term outside the definition used in the preceding section can lead to confusion.
 

 First, there are cases that use the term “fundamental error” to mean an error that is reviewable without preservation at a procedural level other than direct appeal. For example, in response to a petition for habeas corpus, the supreme court stated:
 

 An allegation of fundamental error may, under certain situations, be used to avoid some types of procedural bar.
 
 See generally Maddox[,
 
 760 So.2d at 95] (“a narrow class of unpreserved sentencing errors can be raised on direct appeal as fundamental error”). Nevertheless, the concept of fundamental error was never intended to provide litigants with a means to circumvent the type of procedural bar that occurs when the exact claim has already been decided on the merits and is thus
 
 res judicata.
 

 Denson v. State,
 
 775 So.2d 288, 290 (Fla.2000). Footnote two of this quote explained: “There are many types of procedural bars, and we do not attempt to define them all in this decision. For our purposes today, by procedural bar we simply mean that a litigant is prevented from having his or her case reviewed on the merits for one reason or another.”
 
 Id.
 
 at 290 n. 2. Assuming that such usage of the term “fundamental error” is helpful, which seems doubtful to this court, then the courts will need to establish even narrower lists of errors for such procedural settings as “fundamental error on petition for habe-as corpus,” “fundamental error in rule 3.850,” and “fundamental error in rule 8.800(a).”
 

 Second, “fundamental error” is frequently used as shorthand for an error that can be corrected under one of the six grounds quoted above from rule 3.850(a). Thus, as an example, if the trial court did not have jurisdiction to enter a judgment, this fundamental error can be reviewed on direct appeal. When this issue is first raised in a postconvietion proceeding, it simply needs to be raised under subsection (a)(2); it does not require a discussion of fundamental error. For example, in
 
 Willie v. State,
 
 600 So.2d 479, 482 (Fla. 1st DCA 1992), the court stated: “A fundamental error may be raised for the first time at any point, including in a post-conviction proceeding.” This statement was made regarding a timely postconviction motion, explaining that lack of subject matter jurisdiction could be raised in a postconviction motion even if it had not been raised at an earlier time.
 
 Willie
 
 held that the issue raised by the defendant was not an issue relating to subject matter jurisdiction.
 
 Id.
 

 Likewise, in
 
 Haliburton v. State,
 
 7 So.3d 601, 605-06 (Fla. 4th DCA 2009), the Fourth District addressed a successive motion, explaining:
 

 The “fundamental error” terminology is typically used in determining whether an error can be raised for the first time on direct appeal despite the lack of an objection at trial.
 
 See Maddox[,
 
 760 So.2d at 95-96]. Nevertheless, some errors, which have also been referred to as “fundamental errors,” are so serious that they amount to a denial of substantive due process and may be raised
 
 at any time
 
 including for the first time in a postconviction motion.
 
 Hipp v. State,
 
 650 So.2d 91, 92 (Fla. 4th DCA 1995).
 
 See, e.g., Moore v. State,
 
 924 So.2d 840, 841 (Fla. 4th DCA 2006) (conviction for a non-existent crime);
 
 Pass v. State,
 
 922 So.2d 279, 281 (Fla. 2d DCA 2006) (application of facially unconstitutional statute);
 
 Smith v. State,
 
 741 So.2d 576, 577 (Fla. 1st DCA 1999) (violation of the prohibition against double jeopardy).
 

 In
 
 Haliburton
 
 and the cases cited therein, under the actual language of rule 3.850,
 
 *137
 
 the issue was whether a claim involved a judgment or sentence “imposed in violation of the Constitution or laws of the United States or the State of Florida.” A substantive due process violation does not need to be “fundamental error” to give the trial court power to correct it under rule 3.850; rather, it needs to involve a judgment or sentence imposed in violation of the Constitution.
 

 A third group of cases that is used to discuss fundamental error involves illegal sentences.
 
 See Cantrell v. State,
 
 405 So.2d 986, 988 (Fla. 1st DCA 1981),
 
 quashed,
 
 417 So.2d 260 (Fla.1982). It is well established that an illegal sentence can be corrected “at any time.” This authority comes from Florida Rule of Criminal Procedure 3.800(a). Admittedly, the concept of an “illegal sentence” is similar to the concept of “fundamental error,” but there is no need to determine whether an illegal sentence is fundamental error before a court corrects that error “at any time.” The supreme court effectively eliminated this usage when it explained in
 
 Maddox,
 
 760 So.2d at 100 n. 8:
 

 We note that in
 
 Davis[ v. State,
 
 661 So.2d 1193, 1197 (Fla.1995)], we used the term “fundamental” errors and “illegal” sentences interchangeably. However, clearly the class of errors that constitute an “illegal” sentence that can be raised for the first time in a postcon-viction motion decades after a sentence becomes final is a narrower class of errors than those termed “fundamental” errors that can be raised on direct appeal even though unpreserved.
 

 Finally, one of the grounds for filing a motion beyond the normal two-year period is that “the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.”
 
 See
 
 Fla. R.Crim. P. 3.850(b)(2). Such a “fundamental constitutional right” is not the equivalent of a “fundamental error,” although pleadings from prisoners untrained in the law often confuse these categories. Simply stated, fundamental error is not a valid ground for an untimely postconviction motion unless one creates a unique definition of “fundamental error” for this particular purpose.
 
 [2]
 
 The grounds for such an untimely motion are contained in the rule, and we regard those grounds as sufficient without adding an additional category of special “fundamental errors” for belated postconviction proceedings.
 

 V. Conclusion
 

 We affirm the denial of this postconviction motion and caution those who file postconviction motions that an allegation of “fundamental error” is unlikely to help their cause and may actually harm it. As such, a motion brought under rule 3.850 should explain the claim within the grounds authorized by the rule itself.
 

 Affirmed.
 

 DAVIS and LaROSE, JJ., Concur.
 

 [1]
 

 . This is based on a Westlaw search performed in October 2009. This case adds another citation to that list.
 

 [2]
 

 . We note that West has a key number within Post-Conviction Relief entitled “Fundamental or Constitutional Error." This may sometimes confuse prisoners about the need to allege a "fundamental error” when the prisoner really wishes to make a constitutional claim.