LaROSE, Judge.
 

 Derrick McNeal appeals his convictions and sentences for first-degree murder, two counts of attempted first-degree murder, assault, three counts of aggravated stalking by repeated telephone calls, and attempted second-degree murder with a weapon. We affirm. We write solely to address Mr. McNeal’s claim that, as to the murder charge, the trial court gave a fundamentally erroneous jury instruction for manslaughter.
 

 The State charged Mr. McNeal with the first-degree murder of Demon-taye Simmons in July 2005. At Mr. McNeal’s 2009 trial, the trial court instructed the jury, without objection, on first-degree murder and the lesser included offenses of second-degree murder and manslaughter. The jury instruction on manslaughter provided, in part, as follows:
 

 To prove the lesser crime of manslaughter, the State must prove the following beyond a reasonable doubt:
 

 1. Demontaye Simmons is dead, and
 

 2. (a) he
 
 intentionally committed an act that caused the death of
 
 Demon-taye Simmons, or
 

 (b) his death was caused by the culpable negligence of Derrick Anthony McNeal....
 

 (Emphasis added.)
 

 Mr. McNeal argues that this instruction is improper under
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). Specifically, he contends that the phrase, “intentionally committed an act that caused the death,” required the jury to find that he possessed an intent to kill the victim. Mr. McNeal claims that the jury might have convicted him of manslaughter if the trial court had not given the allegedly defective instruction.
 

 To constitute fundamental error, the error must infect the validity of the trial to the extent that the verdict would not have been the same absent the error.
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991).
 

 In
 
 Montgomery,
 
 the defendant was charged with first-degree murder. The jury convicted him of second-degree murder. The standard manslaughter instruction given in
 
 Montgomery
 
 provided that the “[Defendant] intentionally caused the death of [the victim].” 39 So.3d at 257; Fla. Std. Jury Instr. (Crim.) 7.7 (2006). Manslaughter is a lesser included offense of and one step removed from second-degree murder.
 
 See Montgomery,
 
 39
 
 *409
 
 So.3d at 254-55. The supreme court held that the manslaughter instruction constituted fundamental error because the second-degree murder conviction was only one step removed from manslaughter and the instruction erroneously required the jury to find that Montgomery intended to kill the victim.
 
 Id.
 
 at 259.
 

 In Mr. McNeal’s case, the manslaughter instruction focuses on an intent to commit an act that caused death; it does not require an intent to kill. Moreover, the jury found Mr. McNeal guilty of .first-degree murder, two steps removed from manslaughter. In
 
 Montgomery,
 
 the supreme court stated:
 

 Second-degree murder as a lesser included offense is one step removed from first-degree murder, and manslaughter as a lesser included offense is two steps removed from first-degree murder. In
 
 Pena[v. State,
 
 901 So.2d 781, 787 (Fla.2005) ], we concluded that “when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.”
 

 39 So.3d at 259.
 

 Mr. McNeal contends that the manslaughter instruction required an intent to kill.
 
 See In re Amendments to Standard Jury Instructions in Criminal Cases-Instruction 7.7,
 
 41 So.3d 853, 854 (Fla.2010) (amending the manslaughter instruction language to require proof that “(defendant’s) act(s) caused the death of (victim)”). We need not decide whether the instruction was erroneous, fundamental or otherwise. The jury convicted Mr. McNeal of first-degree murder. Manslaughter is two steps removed from first-degree murder and any error is subject to a harmless error analysis.
 

 The jury had the opportunity to convict Mr. McNeal of second-degree murder. It did not do so. Upon careful review of the record, we conclude that any error in the manslaughter instruction was harmless.
 

 Affirmed.
 

 SILBERMAN, C.J., and KELLY, J., Concur.