IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

March 9, 2016

CHRISTOPHER WRIGHT, )
)
      Appellant, )
)
v. )    Case No. 2D13-5714
)
STATE OF FLORIDA, )
)
      Appellee. )
_____ )

BY ORDER OF THE COURT:

      Appellant's "Motion for Rehearing and Written Opinion or, in [the] Alternative, to Hold in Abeyance Pending a Decision from the Florida Supreme Court" is granted to the extent that the prior per curiam opinion dated November 20, 2015, is withdrawn, and the attached opinion is issued in its place. The motion is denied in all other respects. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


_____
MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CHRISTOPHER WRIGHT,              )
                                 )
            Appellant,           )
                                 )
v.                               )        Case No. 2D13-5714
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
                                 )
_____   )

Opinion filed March 9, 2016.

Appeal from the Circuit Court for
Pasco County; Mary M. Handsel,
Judge.

William R. Ponall of Snure & Ponall,
P.A., Winter Park, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Tonya Rene Vickers,
Assistant Attorney General, Tampa, for
Appellee.

ALTENBERND, Judge.

        Christopher Wright appeals the orders denying his claims for

postconviction relief.  We affirm in all respects and write only to explain our decision on

the first issue raised by Mr. Wright in this appeal.

        For a murder that occurred in September 2005, Mr. Wright was convicted

in 2007 of first-degree murder and sentenced to life imprisonment.  We affirmed his

direct appeal. See Wright v. State, 15 So. 3d 591 (Fla. 2d DCA 2009) (table decision). We also denied a petition alleging ineffective assistance of appellate counsel. See Wright v. State, 71 So. 3d 126 (Fla. 2d DCA 2011) (table decision).

In this appeal, which arises from a postconviction proceeding that was filed pursuant to Florida Rule of Criminal Procedure 3.850, Mr. Wright argues, in part, that the trial court committed fundamental error by providing the jury with an erroneous instruction on manslaughter. The instruction allegedly is the same instruction that was found to be defective in State v. Montgomery, 39 So. 3d 252, 254 (Fla. 2010).

In a motion for rehearing filed after this court initially affirmed this case without a written opinion, Mr. Wright's counsel expresses concern that this court may have affirmed the postconviction court on the theory that his claim was untimely. He argues that his client may be entitled to relief on a theory of manifest injustice even if the claim was untimely. He also maintains that the decision the supreme court will ultimately reach in Daugherty v. State, 168 So. 3d 224 (Fla. 2014) (table decision accepting jurisdiction in Daugherty v. State, 96 So. 3d 1076 (Fla. 4th DCA 2012)), might entitle him to relief on this claim if the supreme court applies Montgomery to cases in which a jury returns a verdict more than one step removed from the charged offense. On this basis, Wright alternatively requests that we hold our decision in abeyance.

This court did not rely on the timeliness issue to affirm this case because several other matters warranted affirmance. First, the trial in this case occurred prior to the First District's decision in Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009). Mr. Wright does not argue that his attorney was ineffective concerning the manslaughter instruction given at his trial. Second, a claim of fundamental error generally is not

- 2 -

reviewable on a motion for postconviction relief.  See Hughes v. State, 22 So. 3d 132 (Fla. 2d DCA 2009).  Third, Mr. Wright was convicted of first-degree murder, not second-degree murder.  Accordingly, the manslaughter instructions involved a crime two steps removed from the conviction.  See McNeal v. State, 67 So. 3d 407 (Fla. 2d DCA 2011).  Thus, under the applicable law and without regard to any issue of timeliness, the postconviction court did not err in denying this motion.

Affirmed.

KHOUZAM and MORRIS, JJ., Concur.