WELLS, Judge.
 

 Willie Lumsdon appeals from convictions and sentences for second degree murder and throwing a deadly missile, both stemming from the shooting death of Malcolm Marshall. Lumsdon raises four arguments in support of reversal. First, he claims that the trial court reversibly erred in admitting testimony about a statement he made shortly before the shooting, regarding wanting to shoot someone’s head off. Second, he claims that the trial court reversibly erred in refusing to strike the testimony of a witness who refused to answer questions posed by the State, including a claim that the State’s questions created an inference of bad character. Third, Lumsdon claims reversible error stemming from statements made by the State during rebuttal closing argument. And, fourth, he claims that the trial court erred in denying his motion for judgment of acquittal where the State failed to prove the elements essential to a second degree murder conviction. We find no merit in any of these arguments and affirm.
 

 The facts of this case, as relevant, are as follows. On Memorial Day 2004, the victim, Malcolm Marshall, and five of his
 
 *392
 
 friends loaded into two cars and headed to South Beach for a night of fun. Lumsdon and three of his friends were also headed to South Beach. The two groups crossed paths when forced to exit the Interstate because of a road closure.
 

 Traffic on the exit ramp was snarled, resulting in the car in which Lumsdon was travelling (a Chevy Tahoe) idling next to the vehicle (a sedan) in which Marshall was travelling. Lumsdon, who occupied a rear seat on the passenger side of the Tahoe started “messing” with the passengers in the car in which Marshall, also in the rear seat on the passenger side, was travelling. The verbal repartee escalated, with Lumsdon and the rear seat passengers in the other car taunting, cursing, and arguing with one another. After something was tossed from the Tahoe into the car in which Marshall was riding, another occupant of Marshall’s car tossed a couple of beer bottles toward the Tahoe. Neither hit home, and as Marshall’s car moved on, Lumsdon fired a single gunshot which struck Marshall in the head, killing him instantly.
 

 The Tahoe drove away, continuing on to Miami Beach. On the way, Lumsdon threw the spent bullet casing out the window and replaced the spent bullet with another, commenting to his car-mates that this “is how you get rid of evidence.” The Tahoe was later stopped and a search revealed a gun on the rear seat floor on the passenger side, the place occupied by Lumsdon. Significant gun shot residue was found on Lumsdoris hands and his DNA was found on the barrel of the gun.
 

 Lumsdon subsequently was arrested and charged with second degree murder with a firearm, discharging a firearm from a vehicle, and shooting or throwing a deadly missile into a vehicle occupied by a person. Lumsdon admitted to shooting the gun, but claimed that he did not intentionally aim for the other car or anyone in it, but rather was shooting into the air to scare the occupants of that car in self defense.
 

 We find no abuse of discretion in either admitting Lumsdoris statement that he wanted to shoot someone in the head or in refusing to strike the testimony of a particularly damning witness, Will Catis, after the State inquired as to whether Catis was worried about testifying. The former statement went to Lumsdon’s state of mind, that is, whether he acted with the intent necessary for a conviction for second degree murder.
 
 See
 
 § 782.04(2), Fla. Stat. (2004) (defining second degree murder as the “unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual”). The latter statement was admissible in every respect.
 

 Indeed, Lumsdoris real objection is not to Catis’ testimony, but to the question asked by the State as to what was worrying Catis, a question which Lumsdon claims suggested bad character on Lums-don’s part. This is meritless. This witness had testified before trial without reservation. However, at trial he initially refused to answer questions posed by the State. After receiving no response to a number of questions, the State finally asked whether Catis was “worried about testifying.” The defense objected, the jury was excused, the witness was ordered to testify, the jury returned, and the witness testified without further incident. Nothing that came before the question or after it suggested that Catis had been threatened by Lumsdon. If anything, Ca-tis’ testimony confirmed that he did not want to say things that would so clearly hurt his friend. The court below was cor
 
 *393
 
 rect in refusing to preclude or strike this testimony.
 

 The court also did not err in refusing to grant a mistrial based on arguments made by the State in rebuttal to Lums-don’s closing arguments. During closing, Lumsdon’s counsel argued a number of facts, not in evidence, in support of Lums-don’s self defense claim. In response, the State advised the jury that argument of counsel is not evidence and that they were to decide the case on the facts. These arguments neither denigrated counsel, shifted the burden of proof onto the defendant, nor constituted a comment on Lums-don’s right to remain silent.
 
 See Caballero v. State,
 
 851 So.2d 655, 660 (Fla.2003) (finding no burden shifting where the State emphasized uncontradicted evidence to rebut defense argument);
 
 Brown v. State,
 
 771 So.2d 603, 605 (Fla. 4th DCA 2000) (confirming that the State may comment on a defendant’s failure to testify where such comment is invited by the defense);
 
 Otero v. State,
 
 754 So.2d 765, 769 (Fla. 3d DCA 2000) (recognizing that where a defendant voluntarily assumes some burden of proof by asserting, among others, self defense, the State may comment of the defendant’s failure to adduce evidence).
 

 Finally, we find the evidence was legally sufficient both to send this matter to the jury and to support Lumsdon’s conviction for second degree murder.
 
 [1]
 

 Accordingly, the convictions and sentences on appeal are affirmed. This result makes it unnecessary for us to address any of the State’s arguments raised in the cross-appeal.
 

 [1]
 

 . Following oral argument, Lumsdon filed a supplemental brief arguing error in the jury instructions. We find no merit in this argument and affirm on the authority of
 
 Bonilla v. State,
 
 23 So.3d 1256, 1257 (Fla. 3d DCA 2009),
 
 Valdes-Pino v. State,
 
 23 So.3d 871, 872 (Fla. 3d DCA 2009),
 
 Nieves v. State,
 
 22 So.3d 691, 692 (Fla. 2d DCA 2009) and
 
 Zeigler v. State,
 
 18 So.3d 1239 (Fla. 2d DCA 2009). To preserve Lumsdon’s rights, however, as we did in
 
 Bonilla,
 
 and
 
 Valdes-Pino,
 
 we certify conflict with
 
 Montgomery v. State,
 
 - So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), which is currently pending review before the Florida Supreme Court,
 
 State v. Montgomery,
 
 11 So.3d 943 (Fla.2009).