PER CURIAM.
Alvin Barnes appeals his conviction and sentence for failure to register as a sexual offender. Barnes argues that section 943.0435, Florida Statutes (2011), violated his right to procedural due process and the trial court erred in denying his as-applied constitutional challenge. Barnes also asserts error based on the court’s failure to give a requested special instruction on Barnes’ sole defense and the court’s admitting a certain documentary letter into evidence. We affirm without further discussion the rulings relating to the constitutional challenge and the evi-dentiary issue. We reverse and remand for a new trial, however, based on the failure to give the special instruction.

Facts

Barnes is a sexual offender. The State charged him with knowingly failing to report a change of his temporary or permanent address, within forty-eight hours, to an office of the Florida Department of Law Enforcement (FDLE), the Alachua County Sheriffs Office, or the Department of Highway Safety & Motor Vehicles (DHSMV), a violation of section 943.0435(4), Florida Statutes. Barnes testified as follows.' After successfully registering with the sheriffs office and FDLE on September 9, 2011, he received a sexual offender registration packet and went in person to the DHSMV on that same day to attempt to register his change of address and obtain an I.D. card. Because Barnes had only his sexual offender registration packet and a handwritten note from his mother, and could not provide documentation acceptable to the DHSMV to verify his new address, the examiner at the DHSMV turned him away. The examiner did not provide Barnes with written verification that he had appeared and tried to comply with the statutory registration requirements.
The State presented evidence that the DHSMV had a standard procedure for processing sexual offenders who cannot afford to pay the registration fee or who fail to produce adequate documentation. Under this procedure, the offender would receive verification of his appearance and attempt to register. Some months after the DHSMV turned Barnes away, a policeman stopped Barnes, who gave his current *702 address. When the officer ran this address through the law enforcement database, he discovered a discrepancy with Barnes’ last reported address. This led to his arrest and the charge.
During the charge conference at trial, defense counsel requested a special jury instruction based on the theory of defense that Barnes timely appeared at the DHSMV with his FDLE registration packet and a hand-written letter stating his address, but was turned away twice. Counsel asked the trial court to inform the jury that, if it believed the State had misinformed Barnes or otherwise prevented him from timely registering at the DHSMV, then Barnes would have an affirmative defense to the charge. The prosecutor objected to the proposed special instruction, and the court refused to give the instruction. During the general discussion of the request for a special instruction, the court appeared to weigh certain evidence that Barnes knew from prior experience how to obtain verification of the attempt itself, even if he was unsuccessful in registering a change of information at the DHSMV.
The court gave the standard instruction which, in pertinent part, allowed the jury to find Barnes, a sexual offender, guilty if he “knowingly failed to report” in person to the DHSMV within forty-eight hours after registering with the sheriffs office and the FDLE and “knowingly failed to secure” an I.D. card. See Fla. Standard Jury Instructions in Crim. Cases 11.14(d); In re Standard Jury Instructions in Crim. Cases — Report No. 2007-4, 983 So.2d 531, 536-37 (Fla.2008). Defense counsel renewed the objection to the failure to give the special instruction.
At the beginning of closing argument, the State asserted that Appellant had knowledge of the reporting requirements but did not update his address with the DHSMV. The prosecutor argued: “Because of that, he is guilty as charged.” The State emphasized the result — Appellant’s failure to get an updated I.D. card from the DHSMV — and asserted that his noncompliance resulted because “he just didn’t care.” The jury found Barnes guilty as charged.

Analysis

The general rule is that a criminal defendant is entitled, upon request and by law, to a jury instruction on the law pertaining to the theory of defense if any evidence supports the theory, irrespective of how weak this evidence is. See Quick v. State, 46 So.3d 1159, 1160 (Fla. 4th DCA 2010); Chavers v. State, 901 So.2d 409, 410-11 (Fla. 1st DCA 2005). In deciding whether to give a requested instruction, the trial court cannot weigh the evidence; it is enough if any evidence supports the defense. Terwilliger v. State, 535 So.2d 346, 347 (Fla. 1st DCA 1988). Contending that the standard instruction was inadequate under the evidence, defense counsel requested a special instruction. The Florida Supreme Court has articulated a corollary rule on this subject:
In order to be entitled to a special jury instruction, [a criminal defendant] must prove: (1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.
Stephens v. State, 787 So.2d 747, 756 (Fla.2001) (internal footnote citations omitted); Billie v. State, 963 So.2d 837, 840 (Fla. 3d DCA 2007).
The requested special instruction satisfied all three elements of the test enunciated in Stephens v. State. First, Barnes’ testimony provided some evidence that when he timely reported in person to the *703 DHSMV, after successfully registering with the sheriffs office and FDLE on September 9, 2011, an agency employee turned him away without providing him with any proof that he had appeared and attempted in good faith to comply with the statutory reporting requirements. The alleged failure to document Barnes’ visit is contrary to the State’s testimony that the DHSMV had a standard procedure to deal with, and provide verification to, sexual offenders who appeared in person but could not pay the fee or could not produce adequate documentation to verify a change of address.
As to the second element, the standard instruction allowed the jury to find Barnes guilty of the charged offense if he “knowingly” failed to report to the DHSMV within forty-eight hours after registering to present proof with the sheriffs office and “knowingly’ failed to secure an I.D. Barnes acknowledged being told by the DHSMV that his documentation of the change of address was insufficient to complete the reporting transaction. Thus, he admitted knowing that the handwritten letter from his mother was not acceptable to the DHSMV. The analysis of whether he was guilty of the charged offense should not have ended there, for the jury was entitled to consider whether the State thwarted Barnes’ good-faith efforts. The standard instruction was inadequate to cover Barnes’ theory of defense. See Funchess v. State, - So.3d -(Fla. 4th DCA 2012).
As to the third element in Stephens v. State, the requested special instruction correctly stated the law. For these reasons, we conclude that the trial court erred in failing to give the requested special instruction on Barnes’ sole theory of defense.
Where a trial court erroneously fails to give a requested special instruction that it should have given, and the requesting party makes a contemporaneous objection, the State, has the burden, as the beneficiary of the error, to prove beyond a reasonable doubt that it was harmless error not to give the instruction. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). “The test for harmless error focuses on the effect of the error on the trier of fact.” Johnson v. State, 53 So.3d 1003, 1007 (Fla.2010).
The evidence sharply conflicted concerning whether Barnes attempted to register at the DHSMV. Under the State’s theory, a sexual offender could be convicted and sentenced for knowingly failing to register, irrespective of whether the State thwarted the offender’s good-faith attempt to comply with the statute. The State does not contend that it was harmless error not to give the instruction, nor can we say beyond a reasonable doubt that the error did not affect the verdict. State v. DiGuilio, 491 So.2d at 1139. Accordingly, we reverse Barnes’ conviction and sentence and remand for a new trial.
DAVIS, RAY, and SWANSON, JJ., concur.