# Supreme Court of Florida

_____

No. SC12-462

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
INSTRUCTION 6.6.**

[February 6, 2014]

**[REVISED OPINION]**

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize instruction 6.6 (Attempted

Manslaughter by Act).[1] We have jurisdiction. See art. V, § 2(a), Fla. Const.

---

1. Originally, on December 22, 2010, under Case No. SC10-2434, the Committee filed a petition seeking to amend numerous jury instructions, including instruction 6.6, Attempted Voluntary Manslaughter. Although previously published by the Committee, the Court published the Committee's proposal to amend instruction 6.6 in the February 15, 2011, edition of The Florida Bar News. Comments were received by the Court. On May 24, 2011, the attempted voluntary manslaughter proposal was severed and became the subject of Case No. SC11-1010. On March 19, 2012, on the Court's own motion, proposed jury instruction 6.6 was severed from Case No. SC11-1010 and directed to be considered in a new case, the instant case, and assigned Case No. SC12-462. On

In Williams v. State, 123 So. 3d 23 (Fla. 2013) (Case No. SC10-1458), the Court held that the standard jury instruction for the offense of attempted voluntary manslaughter, also known as attempted manslaughter by act, which required a finding that the defendant committed an act intended to cause the death of the victim, constituted fundamental error because the crime of attempted manslaughter by act requires only an intentional unlawful act. Id. at 27. The Committee's proposal to amend the instruction for attempted voluntary manslaughter is consistent with the Court's decision in Williams.

Accordingly, we hereby authorize the publication and use of instruction 6.6 as amended, set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee on Standard Jury Instructions in

---

that same date, also on the Court's own motion, proposed jury instruction 6.4, Attempted Second Degree Murder, filed by the Committee in Case No. SC11-1313, also previously published and commented upon, was severed and directed to be considered under Case No. SC12-462. The Committee has since requested that instruction 6.4 be withdrawn from the instant case; the Court granted the motion to withdraw on May 9, 2013. In re Standard Jury Instructions in Criminal Cases—Instruction 6.6, Case No. SC12-462 (Fla. May 9, 2013) (Order). Proposed amendments to instruction 6.4 will be considered in In re Standard Jury Instructions in Criminal Cases—Report No. 2013-02, Case No. SC13-456.

- 2 -

Criminal Cases and are not necessarily indicative of the views of this Court as to

their correctness or applicability. New language is indicated by underlining, and

deleted language is struck-through. The instruction as set forth in the appendix

shall be effective when this opinion becomes final.[2]

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA,
and PERRY, JJ., concur.


Original Proceeding – Supreme Court Committee on Standard Jury Instructions in
Criminal Cases

Honorable Joseph A. Bulone, Chair, Clearwater, Florida, and Honorable
Jacqueline Hogan Scola, Past Chair, Standard Jury Instructions in Criminal Cases
Committee, Miami, Florida, and Bart Schneider, Senior Attorney, Office of State
Court Administrator, Tallahassee, Florida,

     for Petitioner

---

2. The amendments as reflected in the appendix are to the Criminal Jury
Instructions as they appear on the Court's website at www.floridasupremecourt.org
/jury_instructions/instructions.shtml. We recognize that there may be minor
discrepancies between the instructions as they appear on the website and the
published versions of the instructions. Any discrepancies as to instructions
authorized for publication and use after October 25, 2007, should be resolved by
reference to the published opinion of this Court authorizing the instruction.

# APPENDIX

## 6.6 ATTEMPTED ~~VOLUNTARY~~ MANSLAUGHTER <u>BY ACT</u>
§§ 782.07 and 777.04, Fla. Stat.

**To prove the crime of Attempted ~~Voluntary~~ Manslaughter <u>by Act</u>, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **<u>intentionally</u> committed an act [or procured the commission of an act], which** ~~was intended to cause the death of~~ (victim) ~~and~~ **would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

**However, the defendant cannot be guilty of Attempted ~~Voluntary~~ Manslaughter <u>by Act by committing a merely negligent act</u>** ~~or if the attempted killing was either excusable or justifiable as I have previously explained those terms.~~

~~I will now define "negligence" for you.~~ <u>Each of us has a duty to act reasonably and use ordinary care toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.</u>

**It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.**

*Give only if procurement is alleged and proven.*
**To "procure" means to persuade, induce, prevail upon, or cause a person to do something.**

*~~Give if attempted manslaughter is being defined as a lesser included offense of attempted first degree premeditated murder.~~*
**In order to convict of Attempted ~~Voluntary~~ Manslaughter <u>by Act</u> it is not necessary for the State to prove that the defendant had a<u>n</u>** ~~premeditated~~ **intent to cause death<u>, only an intent to commit an act which would have caused death and was not justifiable or excusable attempted homicide, as I have previously explained those terms.</u>**

- 4 -

**Lesser Included Offenses**

| ATTEMPTED ~~VOLUNTARY~~ MANSLAUGHTER BY ACT— 782.07 and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Aggravated ~~assault~~ battery | ~~784.021~~ 784.045 | ~~8.2~~8.4 |
| | ~~Aggravated~~ Felony battery | ~~784.045~~ 784.041 | ~~8.4~~8.5 |
| | ~~Assault~~Battery | ~~784.011~~ 784.03 | ~~8.1~~8.3 |
| | ~~Battery~~Assault | ~~784.03~~ 784.011 | ~~8.3~~8.1 |

**Comments**

In the event of any reinstruction on attempted voluntary manslaughter, the instructions on justifiable and excusable attempted homicide as previously given should be given at the same time. *Hedges v. State*, 172 So. 2d 824 (Fla. 1965).

There is no crime of attempted involuntary manslaughter (*i.e.*, manslaughter by culpable negligence. See *Taylor v. State*, 444 So. 2d 931 (Fla. 1983)).

This instruction was adopted in 1994 and amended in 2014.