SCALES, J.
Nilo Morales Perez challenges his conviction for attempted second-degree murder with a deadly weapon, arguing that he is entitled to a new trial. Perez correctly contends that, pursuant to Williams v. State, 123 So.3d 23 (Fla.2013), it was fundamental error for the trial court to give the then-standard jury instruction for attempted manslaughter by act, which required proof that he intended to kill the victim.
Perez was charged by amended information with attempted premeditated murder with a deadly weapon. A jury ultimately convicted Perez of attempted second-degree murder with a deadly weapon, one step removed from the lesser included offense of attempted manslaughter by act.
When Perez’s case went to trial in April of 2012, the standard jury instruction for attempted voluntary manslaughter by act included language which required the state to prove that Perez “committed an act which was intended to cause the death of [the victim].” Subsequently, in February of 2013, the Florida Supreme Court held that a trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act-which requires the jury to find the defendant committed an act intended to cause death-where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense. Williams, 123 So.3d at 24.
Accordingly, based on the Florida Supreme Court’s holding in Williams, this matter must be remanded for a new trial. See, e.g., Skinner v. State, 2014 WL 128587 (Fla. 3d DCA 2014)(remanding the cause for a new trial because “the attempted manslaughter by act instruction read to the jury was the pre-Williams instruction that the Florida Supreme Court determined to be per se fundamental error.”).
Reversed and remanded for a new trial.