# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1100
Lower Tribunal No. 10-7635
_____

**Abel Lugones,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for appellee.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

LOGUE, J.

Abel Lugones appeals from a conviction and sentence for aggravated battery with a deadly weapon. He asserts that the trial court erred in giving the then-current standard jury instruction on attempted manslaughter, which included an element of intent to kill, where he was ultimately convicted of an offense not more than one step removed from the attempted manslaughter charge. We agree and reverse.

## FACTS AND PROCEDURAL HISTORY

On the night of March 13, 2010, Lugones attended a birthday party where heavy drinking occurred. By the end of the night, Lugones had suffered serious injuries from being struck on the head with large pieces of cinder block and he had stabbed two other partygoers. At trial, the accounts of what occurred conflicted.

According to the State, Lugones made an unprovoked attack on the first victim, Reinaldo Gonzalez, stabbing him multiple times in the torso; Lugones then stabbed the second victim, Leonel Muniz, in the foot when Muniz came to Gonzalez's assistance; only after these attacks, Lugones was injured when he was stoned by an angry crowd of partygoers. According to the defense, however, Lugones stabbed the victims in self-defense after they assaulted him with large pieces of concrete. Lugones took the stand and testified in that regard.

Count I of the indictment charged Lugones with aggravated battery of Muniz with a deadly weapon. For this count, the verdict form listed the lesser-

2

included offense of simple battery. Count II of the indictment charged Lugones with attempted second-degree murder of Gonzalez either with a deadly weapon or during an aggravated battery. For this count, the verdict form listed the lesser-included offenses of attempted manslaughter, aggravated battery with a deadly weapon, and simple battery.

Regarding attempted manslaughter, the State proposed that the jury be given the standard jury instruction at the time, which stated, emphasis added, that "[t]o prove the crime of attempted manslaughter of a lesser-included offense in Count II, the State must prove the following element beyond a reasonable doubt . . . Abel Lugones committed an act or procured the commission of an act <u>which was intended to cause the death</u> of [the victim]." Lugones objected to this instruction on the basis that intent to kill is not an element of attempted manslaughter. The court nevertheless gave the instruction to the jury.

The jury convicted Lugones only of the lesser-included offense of aggravated battery with a deadly weapon. He was acquitted of all other charges. The trial court sentenced him to twelve years in prison. This appeal followed.

### ANALYSIS

The first issue is whether the use of the standard jury instruction on attempted manslaughter was reversible error. It was. In the first place, the standard jury instruction was wrong. Intent to kill is not an element of attempted

3

manslaughter. See § 782.07, Fla. Stat. (2010). The Florida Supreme Court has already identified this error and ordered that the standard jury instruction be corrected on this point. In re Standard Jury Instructions In Criminal Cases—Instruction 6.6, 132 So. 3d 1124 (Fla. 2014).

The second issue is whether the trial court's mistake of giving the wrong jury instruction constituted reversible error. Because Lugones timely objected to the instruction, the State has the high burden of proving that the error was harmless. Barnes v. State, 108 So. 3d 700, 703 (Fla. 1st DCA 2013) ("Where a trial court erroneously fails to give a requested special instruction that it should have given, and the requesting party makes a contemporaneous objection, the State has the burden, as the beneficiary of the error, to prove beyond a reasonable doubt that it was harmless error not to give the instruction."); see also State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) ("The harmless error test . . . places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction."). The State cannot meet this high burden in these facts.

The Supreme Court has already held that giving this erroneous jury instruction on attempted manslaughter in these circumstances constitutes fundamental error. Williams v. State, 123 So. 3d 23, 24 (Fla. 2013) ("[G]iving the

standard jury instruction on attempted manslaughter by act—which also requires the jury to find the defendant committed an act intended to cause death— . . . constitutes fundamental error where the defendant is convicted of an offense not more than one step removed from attempted manslaughter."); Perez v. State, 137 So. 3d 1121 (Fla. 3d DCA 2014). Obviously, a fundamental error is not harmless. Therefore, giving the wrong instruction was reversible error. Id.

Reversed and remanded for a new trial.