# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D07-2324
Lower Tribunal No. 04-16568
_____


**Willie Lumsdon,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David H. Young and Rosa I. Rodriguez, Judges.

Carlos J. Martinez, Public Defender, and Brian L. Ellison, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.


Before WELLS, SHEPHERD, and LOGUE.

### *ON REMAND*

LOGUE, J.

This case returns to us on remand following the Florida Supreme Court's decisions in State v. Montgomery, 39 So. 3d 252 (Fla. 2010), and Haygood v. State, 109 So. 3d 735 (Fla. 2013). Willie Lumsdon, the defendant, argues that his second-degree murder conviction must be reversed because the standard manslaughter by act instruction read to the jury was the same instruction held to be erroneous in Montgomery.[1] The State agrees the instruction was erroneous. Citing to Dawkins v. State, 170 So. 3d 81 (Fla. 3d DCA 2015), however, the State contends that the error was cured because the jury was also instructed on manslaughter by culpable negligence and the evidence could reasonably support so finding.[2] We agree with the defendant. Because he objected to the erroneous instruction on manslaughter by act, and the State cannot show that the error was harmless beyond a reasonable doubt, we reverse and remand for a new trial on second-degree murder. See Haygood, 109 So. 3d at 742; Montgomery, 39 So. 3d at 259.

---

[1] The standard jury instruction for manslaughter by act has since been amended to exclude the element of "intent to kill." In re Amendments to Standard Jury Instructions in Criminal Cases—Instruction 7.7, 75 So. 3d 210, 211 (Fla. 2011). The trial court did not have the benefit of this change at the time it rendered its decision.

[2] The defendant requested the instruction on manslaughter by culpable negligence. The evidence supported that instruction, as well as an instruction on second-degree murder and manslaughter by act, which was requested by the State.

The State's reliance on <u>Dawkins</u> is misplaced. In <u>Dawkins</u>, the defendant did not object to the erroneous instruction. For this reason, the erroneous instruction was reversible only if it reflected fundamental error—error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. <u>Dawkins</u> held that, where the jury was also instructed on manslaughter by culpable negligence and the evidence could reasonably support a finding of culpable negligence, the erroneous instruction on manslaughter by act was "not per se fundamental error." 170 So. 3d at 83. The determination that the error was not fundamental falls far short of holding the error was not harmful.

By contrast, here, the defendant objected to the flawed instruction on manslaughter by act. This objection preserved the issue for appeal and triggered the harmless error analysis, which places the heavy burden on the State, as the beneficiary of the error, to show "no reasonable possibility that the error contributed to the conviction." <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1135 (Fla. 1986); <u>see also</u> <u>Barnes v. State</u>, 108 So. 3d 700, 703 (Fla. 1st DCA 2013) ("Where a trial court erroneously fails to give a requested special instruction that it should have given, and the requesting party makes a contemporaneous objection, the State has the burden, as the beneficiary of the error, to prove beyond a reasonable doubt that it was harmless error not to give the instruction."). In this case, the State

3

cannot meet its heavy burden because the flawed instruction pertained to a disputed element of the offense (the defendant's intent) and the defendant was convicted of a crime only one step removed from the necessarily lesser included offense of manslaughter by act. See Haygood, 109 So. 3d at 742; Montgomery, 39 So. 3d at 259; Molina v. State, 150 So. 3d 1280, 1284 (Fla. 3d DCA 2014) ("[U]nder Haygood, where there are more than one lesser included offenses that are no more than one step removed from the crime for which the defendant is convicted, a trial court's correct instruction on one does not cure or render harmless an erroneous instruction on another.").

Affirmed in part, reversed in part, and remanded for a new trial.[3]

SHEPHERD, J., concurs.

---

[3] We affirm without discussion the defendant's conviction of throwing a deadly missile.

WELLS, Judge (concurring)

I agree with the majority's decision to affirm Willie Lumsdon's conviction and sentence for throwing a deadly missile and to reverse his conviction and sentence for second degree murder, but do so for the following reasons.

This case arises from a shooting death that occurred near or on a crowded off-ramp of I-95, where two groups of young men travelling in separate vehicles engaged in verbal repartee and tossed items between cars following which Lumsdon admittedly fired off a shot killing one of the occupants in the other car. See Lumsdon v. State, 29 So. 3d 390, 392 (Fla. 3d DCA 2010), quashed by, 160 So. 3d 896 (Fla. 2014) ("Lumsdon I"). As pertinent here, Lumsdon was charged with second degree murder with a firearm in which it was properly alleged that Lumsdon's acts, while imminently dangerous and evincing a depraved mind, were committed without an intent to kill:

> WILLIE J LUMSDON, on or about May 30, 2004, in the County and State aforesaid, did unlawfully, feloniously and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, kill MALCOM

5

MARSHALL, a human being, by SHOOTING MALCOM MARSHALL . . . .

Whereas, Lumsdon claimed that fearful of the occupants of the other car, he acted in self-defense by shooting a gun into the air as a warning.  Id.

In July of 2007, Lumsdon was tried on these charges.  In addition to being instructed that "Second Degree [Murder] includes the lesser crime[] of Manslaughter," the jury was instructed that to find Lumsdon guilty of second degree murder it had to find that Lumsdon unlawfully caused Marshall's death by committing an imminently dangerous act demonstrating a depraved mind:

> Before you can find the defendant guilty of Second Degree Murder [Ct. 1], the State must prove the following three elements beyond a reasonable doubt:
>
> 1.  MALCOLM MARSHALL, is dead.
>
> 2.  The death was caused by the criminal act of WILLIE J. LUMSDON.
>
> 3.  There was an unlawful killing of MALCOLM MARSHALL by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.

The jury also was given that part of the Florida Standard Jury Instruction in Criminal Cases 7.7 in effect at that time on manslaughter by culpable negligence, and, over objection, that part of the same instruction on manslaughter by act:

> To prove the crime of Manslaughter, as a lesser-included offense of Ct 1, the State must prove the following two elements beyond a reasonable doubt:

6

1. MALCOLM MARSHALL is dead.

a. WILLIE J. LUMSDON intentionally caused the death of MALCOLM MARSHALL, or

b. The death of MALCOLM MARSHALL was caused by the culpable negligence of WILLIE J. LUMSDON

. . . .

The jury returned a verdict in pertinent part finding Lumsdon guilty of second degree murder as charged.

On appeal, Lumsdon raised four issues all of which ultimately were rejected by this court. See Lumsdon I, 29 So. 3d at 391–393. However, following oral argument, Lumsdon filed supplemental briefing relying on Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009), which then was pending on certification in the Florida Supreme Court, arguing entitlement to reversal of his conviction for second degree murder. While we found no merit to his argument, "[t]o preserve Lumsdon's rights," should the Florida Supreme Court determine that the manslaughter by act instruction given in this case was fundamentally flawed, we certified conflict with Montgomery. See Lumsdon I, 29 So. 3d at 393 n.1.

In State v. Montgomery, 39 So. 3d 252, 259-60 (Fla. 2010), the Florida Supreme Court held that the manslaughter by act instruction at issue here was flawed because it required the jury to determine that the defendant intended to kill the victim—an element not required by the manslaughter statute—rather than

7

determining whether the defendant intended to commit an act which cause the victim's death:

> In conclusion we approve the decision of the First District Court of Appeal to the extent that it held that manslaughter by act does not require proof that the defendant intended to kill the victim . . . . We [further] . . . hold that the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim . . . [and] that the intent which the State must prove for the purpose of manslaughter by act is the intent to commit an act that was not justified or excusable, which caused the death of the victim.

Because no objection to the flawed instruction had been lodged in the court below, and because "manslaughter is just one step removed from second-degree murder," the Montgomery court found "fundamental error occurred . . . which was per se reversible." Id. at 259. Three years later, the Florida Supreme Court in Haygood v. State, 109 So. 3d 735, 741 (Fla. 2013), held that giving a manslaughter by culpable negligence instruction along with the manslaughter by act instruction rejected in Montgomery "does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant." Following these decisions, our decision in Lumsdon I was quashed and this matter remanded to us for reconsideration in light of Montgomery and Haygood. Lumsdon v. State, 160 So. 3d 896 (Fla. 2014).

8

On remand, we requested and received supplemental briefs and heard oral argument. The State, citing to <u>Haygood</u>, argues that because there was some evidence adduced below that could support a finding of culpable negligence, that Lumsdon is not entitled to a new trial. I disagree, because here, unlike <u>Montgomery</u> and <u>Haygood</u>, an objection to the flawed instruction was lodged. And, as this court in <u>Lugones v. State</u>, 147 So. 3d 1081, 1082 (Fla. 3d DCA 2014), confirmed where an objection had been lodged, the burden falls on the State under <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1135 (Fla. 1986), to establish beyond a reasonable doubt that giving this instruction did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction:

> Lugones objected to this instruction [on attempted manslaughter by act which required a finding that the defendant intended to cause the death of the victim] on the basis that the intent to kill is not an element of attempted manslaughter. The court nevertheless gave the instruction to the jury.
>
> . . . .

## ANALYSIS

> The first issue is whether the use of the standard jury instruction on attempted manslaughter was reversible error. It was. In the first place, the standard jury instruction was wrong. Intent to kill is not an element of attempted manslaughter. . . .
>
> The second issue is whether the trial court's mistake of giving the wrong jury instruction constituted reversible error. Because Lugones timely objected to the instruction the State has the high

9

burden of proving that the error was harmless. . . . [S]ee also State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) ("The harmless error test . . . places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.").

See also Williams v. State, 123 So. 3d 23, 24 (Fla. 2013) (applying the same reasoning to the attempted manslaughter by act instruction as that applied in Montgomery to the manslaughter by act instruction).

Because I find that the State cannot meet this high burden in this case, I agree that Lumsdon's conviction for second degree murder must be reversed and this matter remanded for a new trial on that count.[4,5]

_____

[4] In coming to this conclusion, I necessarily reject the State's argument that the evidence in this case supports not only a finding of manslaughter by act, but also reasonably supports a finding of culpable negligence so as to "cure" the error in giving the flawed manslaughter by act instruction. See Haygood, 109 So. 3d at 741. Indeed, in light of Lumsdon's concession in his supplemental brief on remand that the "facts in this case . . . did not reasonably support culpable negligence," and that the "only viable lesser offense, one-step removed from second-degree murder, would have been manslaughter by act, an offense for which the jury was not properly instructed," I agree that the "cure" considered in Haygood does not apply in this case. See id. ("Based on our decision in Montgomery, and the principles underlying that decision, we conclude that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant."); see also Lugones, 147 So. 3d at 1083 ("Obviously, a fundamental error is not harmless. Therefore, giving the wrong instruction was reversible error.").

[5] I also concur in the majority's determination that Lumdon's conviction for throwing a deadly missile should be affirmed.