WELLS, Judge
(concurring)
I agree with the majority’s decision to affirm Willie Lumsdon’s conviction and sentence for throwing a deadly missile and to reverse his conviction and sentence for second degree murder, but do so for the following reasons.
This case arises from a shooting death that occurred near or on a crowded off-ramp of 1-95, where two groups of young men travelling in separate vehicles engaged in verbal repartee and tossed items between cars following which Lumsdon admittedly fired off a shot killing one of the occupants in the other car. See Lumsdon v. State, 29 So.3d 390, 392 (Fla. 3d DCA 2010), quashed by, 160 So.3d 896 (Fla. 2014) (“Lumsdon I”). As pertinent here, Lumsdon was charged with second degree murder with a firearm in which it was properly alleged that Lumsdon’s acts, while imminently dangerous and evincing a depraved mind, were committed without an intent to kill:
WILLIE J LUMSDON, on or about May 30, 2004, in the County and State aforesaid, did unlawfully, feloniously and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, kill MALCOM MARSHALL, a human being, by SHOOTING MALCOM MARSHALL ....
Whereas, Lumsdon claimed that fearful of the occupants of the other car, he acted in self-defense by shooting a gun into the air as a warning. Id.
In July of 2007, Lumsdon was tried on these charges. In addition to being instructed that “Second Degree [Murder] includes the lesser crime[ ] of Manslaughter,” the jury was instructed that to find Lumsdon guilty of second degree murder it had to find that Lumsdon unlawfully caused Marshall’s death by committing an imminently dangerous act demonstrating a depraved mind:
Before you can find the defendant guilty of Second Degree Murder [Ct. 1], the State must prove the following three elements beyond a reasonable doubt:
1. MALCOLM MARSHALL, is dead.
2. The death was caused by the criminal act of WILLIE J. LUMSDON.
3. There was an unlawful killing of MALCOLM MARSHALL by an act imminently dangerous to another and demonstrating a depraved *933 mind without regard for human life.
The jury also was given that part of the Florida Standard Jury Instruction in Criminal Cases 7.7 in effect at that time on manslaughter by culpable negligence, and, over objection, that part of the same instruction on manslaughter by act:
To prove the crime of Manslaughter, as a lesser-included offense of Ct 1, the State must prove the following two elements beyond a reasonable doubt:
1. MALCOLM MARSHALL is dead.
a. WILLIE J. LUMSDON intentionally caused the death of MALCOLM MARSHALL, or
b. The death of MALCOLM MARSHALL was caused by the culpable negligence of WILLIE J. LUMSDON
[[Image here]]
The jury returned a verdict in pertinent part finding Lumsdon guilty of second degree murder as charged.
On appeal, Lumsdon raised four issues all of which ultimately were rejected by this court. See Lumsdon I, 29 So.3d at 391-393. However, following oral argument, Lumsdon filed supplemental briefing relying on Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), which then was pending on certification in the Florida Supreme Court, arguing entitlement to reversal of his conviction for second degree murder. While we found no merit to his argument, “[t]o preserve Lumsdon’s rights,” should the Florida Supreme Court determine that the manslaughter by act instruction given in this case was fundamentally flawed, we certified conflict with Montgomery. See Lumsdon I, 29 So.3d at 393 n.1.
In State v. Montgomery, 39 So.3d 252, 259-60 (Fla. 2010), the Florida Supreme Court held that the manslaughter by act instruction at issue here was flawed because it required the jury to determine that the defendant intended to kill the victim—an element not required by the manslaughter statute—rather than determining whether the defendant intended to commit an act which cause the victim’s death:
In conclusion we approve the decision of the First District Court of Appeal to the extent that it held that manslaughter by act does not require proof that the defendant intended to kill the victim .... We [further] ... hold that the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim ... [and] that the intent which the State must prove for the purpose of manslaughter by act is the intent to commit an act that was not justified or excusable, which caused the death of the victim.
Because no objection to the flawed instruction had been lodged in the court below, and because “manslaughter is just one step removed from second-degree murder,” the Montgomery court found “fundamental error occurred ... which was per se reversible.” Id. at 259. Three years later, the Florida Supreme Court in Haygood v. State, 109 So.3d 735, 741 (Fla. 2013), held that giving a manslaughter by culpable negligence instruction along with the manslaughter by act instruction rejected in Montgomery “does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.” Following these decisions, our decision in Lumsdon I was quashed and this matter remanded to us *934 for reconsideration in light of Montgomery and Haygood. Lumsdon v. State, 160 So.3d 896 (Fla. 2014).
On remand, we requested and received supplemental briefs and heard oral argument. The State, citing to Haygood, argues that because there was some evidence adduced below that could support a finding of culpable negligence, that Lumsdon is not entitled to a new trial. I disagree, because here, unlike Montgomery and Haygood, an objection to the flawed instruction was lodged. And, as this court in Lugones v. State, 147 So.3d 1081, 1082 (Fla. 3d DCA 2014), confirmed where an objection had been lodged, the burden falls on the State under State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986), to establish beyond a reasonable doubt that giving this instruction did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction:
Lugones objected to this instruction [on attempted manslaughter by act which required a finding that the defendant intended to cause the death of the victim] on the basis that the intent to kill is not an element of attempted manslaughter. The court nevertheless gave the instruction to the jury.
[[Image here]]
ANALYSIS
The first issue is whether the use of the standard jury instruction on attempted manslaughter was reversible error. It was. In the first place, the standard jury instruction was wrong. Intent to kill is not an element of attempted manslaughter. ..,
The second issue is whether the trial court’s mistake of giving the wrong jury instruction constituted reversible error. Because Lugones timely objected to the instruction the State has the high burden of proving that the error was harmless. .,. [S]ee also State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict, or alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).
See also Williams v. State, 123 So.3d 23, 24 (Fla. 2013) (applying the same reasoning to the attempted manslaughter by act instruction as that applied in Montgomery to the manslaughter by act instruction).
Because I find that the State cannot meet this high burden in this case, I agree that Lumsdon’s conviction for second degree murder must be reversed and this matter remanded for a new trial on that count.[4],[5]

. In coming to this conclusion, I necessarily reject the State's argument that the evidence in this case supports not only a finding of manslaughter by act, but also reasonably supports a finding of culpable negligence so as to "cure” the error in giving the flawed manslaughter by act instruction. See Haygood, 109 So.3d at 741. Indeed, in light of Lums-don’s concession in his supplemental brief on remand that the "facts in this case ... did not reasonably support culpable negligence,” and'that the "only viable lesser offense, one-step removed from second-degree murder, would have been manslaughter by act, an offense for which the jury was not properly instructed,” I agree that the "cure” considered in Haygood does not apply in this case. See id. ("Based on our decision in Montgomery, and the principles underlying that decision, we conclude that giving the manslaugh *935 ter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.”); see also Lugones, 147 So.3d at 1083 ("Obviously, a fundamental error is not harmless. Therefore, giving the wrong instruction was reversible error."’).

. I also concur .in the majority’s determination that Lumdori’s conviction for throwing a deadly missile should be affirmed.